Terri L. **CLARK**, nee Tanner, Appellant,

v.

David E. **BOOTH**, Respondent.

No. WD 34075.

Missouri Court of Appeals,
Western District.

Sept. 20, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Nov. 15, 1983.

Application to Transfer Denied
Dec. 20, 1983.

Sylvester Powell, Jr., Kansas City, for respondent.

Before CLARK, P.J., and PRITCHARD and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

On December 13, 1979 appellant, while a passenger in the respondent's automobile suffered injuries as a result of a collision between that car and one owned and operated by Mary Burton. On September 8, 1980 she settled with Burton for $10,000, that being the limit of Burton's insurance policy. She executed a release captioned "Release in Full of All Claims and Rights", releasing Raymond and Mary Burton,

> their principals, agents, representatives and insurance carriers from any and all rights, claims, demands and damages of

any kind, known or unknown, existing or arising in the future, resulting from or related to personal injuries death or property damage, arising from an accident that occurred on or about the 13th day of December, 1979, at or near Kansas City, Missouri.

The release also contained the following statements:

I understand that this is a compromise settlement of all my claims of every nature and kind whatsoever arising out of the accident referred to above, but is not an admission of liability. I understand that this is all the money or consideration I will receive from the above described parties as a result of this accident. I have read this release and understand it.

On May 5, 1981 appellant filed a petition against respondent Booth praying for damages for injuries of $125,000, and claiming medical expenses in excess of $10,000. The respondent denied negligence in his answer filed on May 23, 1981. In answers to respondent's interrogatories of August 14, 1981 appellant told of the $10,000 settlement. On May 21, 1982 the respondent filed a motion to amend his answer to include as an affirmative defense the Burton settlement and that the release was general and operated to release respondent and all others from any liability. The court's sustaining respondent's motion on June 7, 1982 is appellant's first point of error.

The respondent then filed a motion for summary judgment based upon the settlement's effect of barring all claims of appellant arising out of the accident. Summary judgment was granted on July 12, 1982, the court finding the release of one joint tortfeasor in the incident out of which the litigation arose, without reservation to proceed against another joint tortfeasor, released all and barred the action against respondent. This judgment gave rise to the appellant's second point of error.

In her first point appellant states that respondent should not have been allowed to amend his answer three weeks prior to a trial setting after having the knowledge of the release for some ten

months before raising the affirmative defense. She says she "expended great time and money investigating the case, conducting discovery and preparing for trial" and it worked an injustice to allow respondent to wait so long to assert the effect of the release. Rule 55.33(a) allows a party to amend his pleading by leave of court which "shall be freely given when justice so requires." The permitting of amendment to pleadings is wholly discretionary with the trial judge and not to be disturbed on appeal unless such discretion has been palpably and obviously abused. *Harris v. Associated Dry Goods Corp.*, 612 S.W.2d 389, 390 (Mo.App.1981); *Kopff v. Miller*, 501 S.W.2d 532, 536 (Mo.App.1973). The trial court's ruling here is not an abuse of discretion. Appellant under local Rule 33.5 had 10 days to oppose and file suggestions to respondent's request for leave to amend. No extension of time to file was requested by her—she filed suggestions in opposition on June 12th, 22 days from the filing of the motion. The first point is ruled against her.

Appellant's other point is of trial court error in granting summary judgment since the release "did not operate as a general release", and that she should be allowed to present evidence as to her intent in executing the Burton release and, after so doing the respondent then had the burden of showing he was thereby released.

Appellant recognizes that at common law the release of one joint tortfeasor released all, and by statute Missouri, in Section 537.-060 Revised Statutes of Missouri 1978 in allowing contribution among tortfeasors has not affected the rule of only one satisfaction for an injury or damages suffered, *Liberty v. J.A. Tobin Construction Co. Inc.*, 512 S.W.2d 886, 889 (Mo.App.1974). The rule in *Liberty*, "... is based upon the sound principle that an injured person's right to recover for his injuries, whether caused by one or more wrongdoers, is basically single," and if satisfaction is received from one whether by settlement or court action he cannot recover from the other. *Id.* at 889–90. The state of the law in this

area is further explained in *Liberty* that if an injured party wants to reach a *partial* satisfaction with *one* tortfeasor without destruction of his right to pursue other joint tortfeasors, it may be done "*only* by specific and clear limitation of the intended scope of the settlement where such consideration is described as partial, rights reserved as to remaining tortfeasors or other appropriate language." *Liberty, supra,* 890, (emphasis added, citations omitted). Such documents are referred to as "Covenants not to sue".

Liberty says such limitations must be expressed "clearly and unmistakably", since the law favors settlements and disposal of repose litigation. *Id.* at 890. The court in *Liberty* then sought to analyze whether the release was general, thus disposing of "the whole matter" and effective as to all joint tortfeasors whether named or not in the release document. In other words, the deciding factor in such a determination is *what* is released not *who* is released. This would follow the earlier stated principle that each tortfeasor is liable for the whole damage, and if the "whole subject matter", or cause of action is settled and a release of it is obtained the cause is "dead", even though only one defendant is named. *Liberty, supra,* 890.

In *Liberty* the releases from passengers to their driver, and from the driver to the other motorist, contained language such as it being toward "*all other persons, firms, or corporations* liable," . . . "from any and *all claims,*" . . . "*from an accident* on or about . . ." *Id.* (emphasis in original) these releases were held to be general and terminated all causes of action against unnamed tortfeasors, such as the construction company, Tobin, the defendant in *Liberty.* The defendant Tobin was granted summary judgment based upon the effect of the releases. The other release contained language such as "all claims . . . for all injuries . . . resulting to me . . . from an accident . . ." *Id.* 891.

Within the mandate of *Liberty,* the release in the case at bar must be classified as a general release. The caption or title of the release in this case refers to a release in full and the textural portion clearly states this is "a compromise settlement of *all my claims of every nature and kind whatsoever arising out of the accident . . .*" (Emphasis added.) The release signed by appellant neither contains nor mentions any reservation of rights of recovery nor any of the limitation of scope of the rights in the document. The language of the release is general and that only one tortfeasor is named does not change the result. *Wright v. Sprague,* 563 S.W.2d 165 (Mo.App.1978). Any liability respondent Booth had here was as a joint tortfeasor with Burton. The general release naming Burton terminated any cause of action against Booth.

Appellant's additional assertion is that even if the document appears general in nature, extrinsic or parol evidence should be allowed to explain her intent. She relies on *State ex rel. Normandy Orthopedics, Inc. v. Crandall,* 581 S.W.2d 829 (Mo. banc 1979) as authority to require the court to take cognizance of her affidavit stating her intent in executing the release was to settle only with Burton and not respondent. *Crandall* applies only to cases involving independent and successive tortfeasors and not "true joint tortfeasors". *Id.* at 831 n. 1.

The law in Missouri is that intention of the parties and the legal import of the language of a release contract cannot be varied by parol or extrinsic evidence. *Lugena v. Hanna,* 420 S.W.2d 335, 340 (Mo. 1967). If the plain language, such as here, declares a release from all actions and suit from a particular accident, that language forecloses speculation as to any other intent. *State ex rel. Stutz v. Campbell,* 602 S.W.2d 874, 876 (Mo.App.1980).

Summary judgment was proper here. The judgment is affirmed.

All concur.