Pamela ELLIS, Plaintiff-Appellant,

v.

Bill P. REISENBICHLER and Bi-State Development Agency, Defendant-Respondent.

No. 51600.

Missouri Court of Appeals, Eastern District, Division One.

July 8, 1986.

David L. Campbell, St. Louis, for plaintiff-appellant.

Paul J. Passanante, John Q. Masteller, St. Louis, for defendant-respondent.

SMITH, Judge.

Plaintiff appeals from an order granting defendant Bi-State Development Agency's motion to dismiss. We affirm. The case was previously before us in an unappealable condition. *Ellis v. Reisenbichler*, 708 S.W.2d 248 (Mo.App.1986). The judgment is now final following dismissal of the remaining defendant.

The litigation arose from a multi-vehicle accident. Plaintiff sued Hawkins, the driver of the automobile in which she was a passenger, Reisenbichler, the driver of the vehicle behind her, Bi-State whose bus was behind Reisenbichler, and State Farm Mutual Automobile Insurance Company on its uninsured motorist policy. State Farm settled and received a covenant not to sue. That covenant by its express terms released only State Farm and its insureds. On the same day plaintiff settled with defendant Reisenbichler and executed a "Release of all claims." That document provided:

"... I do hereby release and forever discharge Bill P. Reisenbichler and *any* other person, firm or corporation charged or chargeable with responsibility for liability ... from *any and all claims*, demands, damages, costs, expenses, loss of services, actions and *causes of action*, *arising* from *any act* or *occurrence* up to the present time and particularly on account of all personal injury, disability, property damage, loss or damages of any kind already sustained or that I may hereafter sustain in consequence of an accident [then a description of the accident described in plaintiff's petition]." (Emphasis supplied).

At a later point in the release it was recited to be "pursuant to provisions of R.S.Mo. Section 537.060."

Bi-State premised its motion to dismiss on this release as a general release of all joint tortfeasors, thereby releasing Bi-State as well as Reisenbichler. The release is a general release and by its express terms releases plaintiff's entire cause of action. *Liberty v. J.A. Tobin Construction Co., Inc.*, 512 S.W.2d 886 (Mo.App.1974) [5–9]; *Clark v. Booth*, 660 S.W.2d 316 (Mo.App. 1983). It is not restricted in scope to Reisenbichler but applies equally to Bi-State.

Plaintiff contends that the reference to Sec. 537.060, RSMo Cum.Supp.1984, serves to make the release ambiguous. We do not agree. That statute provides that a release given to one or two or more persons does not discharge any other tortfeasor for the damage "unless the terms of the agreement so provide...." The release before us does so provide by its express terms. Its intent as expressed by its plain language is not subject to be varied by parol or extrinsic evidence. Nor does *State ex rel. Normandy Orthopedics, Inc. v. Crandall*, 581 S.W.2d 829 (Mo. banc 1979) change the result. That case applied to independent and successive tortfeasors and not true joint tortfeasors as are involved here. *Clark v. Booth, supra*, [4].

Judgment affirmed.

CARL R. GAERTNER, P.J., and SNYDER, J., concur.