Robert ELSIE, Plaintiff–Appellant,

v.

FIREMASTER APPARATUS, et al.,
Defendants–Respondents.

No. 54235.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 6, 1988.

Application to Transfer Denied
Nov. 15, 1988.

Roy W. Strawn, Padberg, McSweeney, Slater & Merz, St. Louis, for plaintiff-appellant.

Robert William Cockerham, Brown, James & Rabbitt, St. Louis, for defendants-respondents.

CRANDALL, Presiding Judge.

Plaintiff, Robert Elsie, appeals from a grant of summary judgment in favor of defendants, Firemaster Apparatus, a corporation, and Dana Bentzinger. The issue presented is whether the specific release of a joint tort-feasor by plaintiff also discharged defendants from liability arising out of the same claim.[1] We hold that under Section 537.060, RSMo (1986) the release did not extend to defendants. We therefore reverse and remand.

On December 27, 1982, plaintiff, acting within the scope of his employment with Boswell Oil Company, Inc. (Boswell), was operating a motor vehicle which was struck by a truck driven by defendant Bentzinger, an employee of defendant Firemaster Apparatus. Plaintiff brought an action in the State of Illinois against Boswell, and defendants, Bentzinger and Firemaster Apparatus, for bodily injuries arising out of the accident. That petition was dismissed by the trial court under the doctrine of forum non conveniens. Thereafter, plaintiff brought a suit against Boswell for the December 27 accident and for an unrelated claim. He also brought a separate action against defendants in the Circuit Court of the City of St. Louis, Missouri, for the December 27 accident.

Subsequently, in consideration for the payment of $9000, plaintiff executed a release specifically releasing Boswell from any liability on both claims upon which plaintiff had filed suit against Boswell. Defendants then filed a motion for summary judgment in this case alleging "that

defendants have been fully and completely released for [sic] any and all liability from the plaintiff pursuant to Section 537.-060...." The trial court sustained defendants' motion without specifying its reason. We presume the order was made on the grounds specified in the motion. *Lipton Realty, Inc. v. St. Louis Housing Authority*, 705 S.W.2d 565, 568 (Mo.App.1986).

On appeal, plaintiff argues defendants were not released because the terms of the agreement did not so provide. Defendants seek the benefit of the release, arguing that it was a general release of any and all claims arising out of the identical accident and that it failed to specifically reserve any rights plaintiff had against defendants.

Under the common law, the release of one tort-feasor released others claimed to be responsible for the same injury. The present statute, Section 537.060, RSMo 1986, and its predecessor, Section 537.-060, RSMo 1978, were intended to overcome the common law rule and to permit a claimant to settle with and to release one or more of several joint tort-feasors without impairing the right to collect the balance of the claim from the other joint tort-feasors. The distinction between the 1978 and 1986 versions of the statute is that under the former, claims against non-settling joint tort-feasors were not preserved unless such claims were expressly reserved or the settlement was for less than full satisfaction of the claim. Under the 1986 statute, settling claimants are relieved from the obligation of expressly reserving claims against non-settling defendants. A release given under the 1986 law and silent as to surviving claims against other tort-feasors does not discharge those claims. *Manar v. Park Medical Center*, 753 S.W.2d 310, 312 (Mo.App.1988) (citations omitted).

The purpose of a release is to end litigation through settlement. It should not generate additional litigation because of uncertainty in its interpretation. The 1986 statute achieves that purpose by clari-

---

1. The release in question is set forth in its entirety in the Appendix.

fying the law relating to releases. The clear effect of the law is to preclude the unintended release of a non-settling defendant.[2] *Aherron v. St. John's Mercy Medical Center*, 713 S.W.2d 498, 501 (Mo. banc 1986). A release of one tort-feasor does not discharge other tort-feasors "unless the terms of the agreement so provide." Section 537.060, RSMo (1986); *Arana v. Koerner*, 735 S.W.2d 729, 734 (Mo. App.1987).

We acknowledge that the releases in *Aherron, Manar,* and *Arana* contain a specific reservation of claims as to non-settling defendants. In the present case, there is no reservation of claims. Although that factual distinction exists, the gravamen of the cases are applicable to the present case. Under the 1986 law a specific reservation of claims, albeit prudent in many cases, is no longer necessary to preserve claims against the non-settling defendants.

In this case, we interpret the release in light of the present statute. It is clear that, despite some ritualized and overly broad language, the terms of the agreement do not release defendants. The only party named in the release is Boswell. No contractual relationship existed between Boswell and defendants, such as agent or employee, from which it could be inferred that defendants were to be released. There is nothing to indicate that defendants either participated in or contributed to any settlement between plaintiff and Boswell. Defendants are not referred to in the document by name or by any other designation. In sum, defendants are strangers to the settlement and not entitled to claim its benefits.

■ The judgment of the trial court is reversed and the case is remanded.[3]

REINHARD and CRIST, JJ., concur.

---

**2.** Those cases cited by the parties interpreting the former statute Section 537.060, RSMo (1978) have little precedential value given the substantial changes in Section 537.060, RSMo (1986), as amended in 1983.

**3.** Although not raised by defendants in their motion for summary judgment in the trial court, the question of whether plaintiff's claim was fully satisfied by the settlement with Boswell was raised in defendants' brief. Clearly,

---

APPENDIX

In the United States District Court

For the Southern District of Ohio

Western Division

ROBERT ELSIE, Plaintiff,

vs.

BOSWELL OIL COMPANY, INC., Corporation, Defendant.

Civ. A. No. C–1–85–1148.

THIS IS A GENERAL RELEASE

WARNING—READ CAREFULLY every word printed on this paper. By signing this paper, you agree to give up every right against all parties and ships mentioned in this paper which you ever had, you now have, or you may in the future have because of any matter or any thing whatever from the beginning of the world up to the time you sign this paper.

WHEREAS, Robert E. Elsie of Houston, Missouri, age 58, Social Security No. 377–22–7414, a high school graduate, has filed suit against the Boswell Oil Company, Inc. at Civil Action No. C–1–85–1418, and another suit pending in another court relating to this defendant.

WHEREAS, Robert E. Elsie has agreed to settle this matter for the sum of Nine Thousand Dollars ($9,000.00) total, receipt of which is hereby acknowledged, Robert Elsie agrees to and hereby does execute the following release of all rights.

I, Robert E. Elsie, age 58, of Houston, Missouri, in exchange for the sum of Nine Thousand Dollars ($9,000.00) which I have received, do hereby release and forever discharge Boswell Oil Company, Inc., its heirs,

---

defendants have a right of offset or reduction of any claim against them to the extent of the settlement with Boswell. Section 537.060, RSMo (1986); *State ex rel. Simmerock v. Brackmann,* 714 S.W.2d 938, 942 (Mo.App.1986). Based upon the record before us, the issue of whether there has been a full satisfaction is a fact question not amenable to summary judgment.

executors, administrators, successors, insurers and assigns and their several vessels, and in particular the M/V E.P. Williams, and the owners, agents, charterers, masters, officers and crews of said vessels from each and every right or claim which I now have, or may hereafter have, because of any matter or thing which happened before the signing of this paper; and particularly, but not in limitation of any of the foregoing general terms, because of any and all injuries and/or illnesses sustained by me while employed on the M/V E.P. Williams during the month of May, 1982.

I hereby certify that this release is signed by me with the full intention of forever resolving any and all claims I may have against Boswell Oil Company, Inc. I further certify that I am not now under the influence of alcohol or any drug or chemical substance which in any way affects my ability to understand and agree to this release. I have my own counsel present and have been fully advised of my rights. I am not settling this case because of financial hardship nor on the basis of any outside influence of any kind.

I believe this settlement to be a fair and reasonable settlement under the circumstances and adequately compensates me for releasing my rights against Boswell Oil Company, Inc.

I understand that nothing in this document is or can be construed as an admission of liability on the part of Boswell Oil Company, Inc., and I am aware that such liability is denied.

I further certify that I will never again file suit or make a claim against the Boswell Oil Company, Inc. or any other party or entity herein released for any accident or occurrence which ever happened before this day.

I have asked my attorney to execute this document as witness to my health, sobriety, mental alertness and understanding of my act in releasing all claims against those stated above, in place of a formal seaman's settlement conference before a judge. Such a conference was offered by counsel for Boswell Oil Company, Inc. I am aware that a U.S. District Court Judge would be present to review this settlement, however I am fully satisfied that my chosen counsel has adequately advised me and I therefore waive my right to such conference.

I fully understand that by signing this Release, I am forever giving up any and all rights which I may have against the Boswell Oil Company, including but not limited to any claims for maintenance and cure, wages, benefits, claims for unseaworthiness, and/or claims under the general maritime law, and/or any claims of any kind in law, equity or admiralty and/or under the Longshoreman and Harborworkers Compensation Act or the Jones Act, arising out of or as a result of any matter or thing which occurred from the beginning of the world to this day and I further agree to dismiss any and all cases pending against Boswell Oil Company at my own costs:

1. THIS IS A RELEASE.
2. I AM GIVING UP EVERY RIGHT I HAVE.
3. IN MAKING UP MY MIND TO SIGN THIS RELEASE, I AM NOT RELYING ON ANYTHING THAT HAS BEEN TOLD TO ME BY ANYONE.
4. I KNOW THAT IN SIGNING THIS RELEASE, I AM TAKING THE RISK THAT I MAY NOW HAVE OR IN THE FUTURE HAVE OTHER INJURIES, ILLNESSES OR DISABILITIES THAT I DO NOT NOW KNOW OF, INCLUDING NOT ONLY THOSE RESULTING FROM THE PARTICULAR OCCURRENCE MENTIONED ABOVE, BUT ALSO THOSE RESULTING FROM ALL OTHER OCCURRENCES, WHETHER THEY ARE OR ARE NOT MENTIONED IN THIS RELEASE.
5. I ALSO KNOW THAT I AM TAKING THE RISK THAT THE INJURIES I DO KNOW OF, MAY BE, OR MAY TURN OUT TO BE, WORSE THAN THEY SEEM TO ME NOW.
6. I TAKE ALL OF THESE RISKS.
7. I KNOW I AM GIVING UP THE RIGHT TO ANY FURTHER MONEY.
8. I AM SATISFIED WITH THIS SETTLEMENT.

9. I FURTHER WARRANT THAT THE ABOVE MENTIONED SUM IS RECEIVED BY ME IN FULL SETTLEMENT AND SATISFACTION OF ALL AFORESAID CLAIMS AND DEMANDS WHATSOEVER.

10. I HAVE BEEN REPRESENTED BY ADEQUATE COUNSEL THROUGHOUT THE COURSE OF THIS CASE AND HAVE CONSULTED WITH COUNSEL CONCERNING THIS RELEASE.

A. Do you make the above ten numbered statements and do you intend that the parties whom you are releasing shall rely on the statements as the truth?

    YES ✓ NO___

B. Have you read this paper?

    YES ✓ NO___

C. Has this paper been read to you?

    YES___ NO ✓

D. Do you know what this paper is which you are signing?

    YES ✓ NO___

E. What is this paper you are signing?

    release

F. Do you know that signing this paper settles and ends EVERY claim you have for all DAMAGES, as well as for maintenance, cure and wages?

    YES ✓ NO___

THEREFORE, I am signing my name to show that I mean everything that is said by me on this paper this 25 day of June, 1986.

THIS IS A RELEASE.

/s/ Robert E. Elsie
Robert E. Elsie

STATE OF ~~MISSOURI~~ )
Illinois            ) ss:
COUNTY OF Madison )

Sworn to before me and subscribed in my presence on this 25 day of June, 1986.

/s/ Carol B. LaCoax
Notary Public

> "OFFICIAL SEAL"
> Carol B. LaCoax
>
> Notary Public State of Illinois
> My Commission Expires 1/20/87

## CERTIFICATE OF WITNESS

We, the undersigned, do hereby certify that the aforesaid Release was executed in our presence and based upon our observations and conversations with the said claimant, we state that he fully understood its contents and meaning and executed the same as his free act and deed, unaffected by any outside pressure or influence, and for the sole consideration therein expressed. We further certify that claimant appeared to be in full control of his faculties and was not under the influence of alcohol or any other chemical substance at the time he executed this general release. Finally, we express our opinion that the settlement is fair and reasonable under the circumstances of this case. Witness our hand on the day, month and year aforesaid.

WITNESSES:

/s/ Thomas Lakin
Thomas Lakin
Counsel for Claimant

/s/ Nicholas H. Ores
Nick Ores
Counsel for Claimant