**Wesley A. COLLINS, Appellant,**

v.

**WESTLAKE HARDWARE COMPANY OF MACON, INC., and Westlake Hardware, Inc., Respondent.**

**No. WD 42077.**

Missouri Court of Appeals, Western District.

Jan. 23, 1990.

Roy R. Darke, J. Earlene Farr, Kansas City, for appellant.

David E. Larson, Thomas R. Larson, John E. Taylor, Kansas City, for respondent.

Before LOWENSTEIN, P.J., and KENNEDY and GAITAN, JJ.

LOWENSTEIN, Presiding Judge.

This is an appeal from an Order granting summary judgment in favor of Westlake Hardware Company of Macon, Inc. and Westlake Hardware, Inc. (Westlake) and against Wesley Collins. The question involved is whether a settlement agreement and written Release in favor of an employee of Westlake operates to release Westlake from all liability as well in a vicarious liability suit.

The facts of this case are undisputed. On December 7, 1985 Collins and a friend observed Daniel Rork, an employee of Westlake, running after a child outside the store. After observing Rork behaving in a manner they believed to be threatening to the child's welfare, Collins and his friend verbally intervened. Rork informed them the child was a shoplifter he had chased from the Westlake store. The four of them began to walk back to the store, but before they reached the store, Rork struck Collins and his friend, causing serious injury to Collins.

Count I of Collins' Second Amended Petition states a cause of action for battery against Rork and the employer Westlake. Count II seeks recovery for Westlake's negligent failure to adequately train or supervise Rork, as well as negligent hiring. Finally, Count III seeks recovery against Rork and Westlake for negligent apprehension of a shoplifter.

Prior to trial, Collins entered into a settlement agreement with Rork and executed a written release in his favor. However, the release expressly reserved Collins' claims against Westlake, and a dismissal with prejudice of Rork was filed. Westlake filed a motion to dismiss or, in the alternative, for summary judgment on the ground that a release of its employee operated to release itself from all liability as well. The trial court entered an order granting summary judgment in favor of Westlake. This appeal followed.

■ Collins asserts only one point on appeal, that the granting of summary judgment was improper because the release of Rork, as a matter of law, did not release Westlake from liability. On review of a

grant of summary judgment, the record and pleadings are examined in the light most favorable to appellants, giving appellants every benefit of the doubt. *Lambing v. Southland Corp.*, 739 S.W.2d 717 (Mo. banc 1987). Only when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law," is summary judgment proper. Rule 74.04. Unassailable proof is no longer required. *Hayes v. Hatfield*, 758 S.W.2d 470, 472 (Mo.App.1988).

The controlling statute which is in controversy is § 537.060, RSMo 1986 which reads:

> Defendants in a judgment founded on an action for the redress of a private wrong shall be subject to contribution, and all other consequences of such judgment, in the same manner and to the same extent as defendants in a judgment in an action founded on contract. When an agreement by release, covenant not to sue or not to enforce a judgment is given in good faith to one of two or more persons liable in tort for the same injury or wrongful death, such agreement shall not discharge any of the other tort-feasors for the damage unless the terms of the agreement so provide; however such agreement shall reduce the claim by the stipulated amount of the agreement, or in the amount of consideration paid, whichever is greater. The agreement shall discharge the tort-feasor to whom it is given from all liability for contribution or noncontractual indemnity to any other tort-feasor. The term "noncontractual indemnity" as used in this section refers to indemnity between joint tort-feasors culpably negligent, having no legal relationship to each other and does not include indemnity which comes about by reason of contract, or by reason of vicarious liability.

This statute was first interpreted by the Missouri Supreme Court in *Aherron v. St. John's Mercy Medical Center*, 713 S.W.2d 498 (Mo. banc 1986). That court held the release of a hospital from vicarious liability for the alleged malpractice of a doctor did not also act to release the doctor from all liability. *Id.* at 501.

The counterface of *Aherron, i.e.,* the release of an employee contending to have released the employer from liability, was addressed by this court in *Manar v. Park Lane Medical Center*, 753 S.W.2d 310 (Mo. App.1988). In *Manar*, April Manar brought suit against Park Lane, a hospital, and five of its employees for medical malpractice. Manar reached a settlement with the individuals and gave them a release, but reserved her claims against the hospital. Park Lane moved for summary judgment claiming if Manar's cause of action against the hospital was based on vicarious liability for the acts of its employees, the release of the employees operated to release the hospital also as employer. The motion was granted. In reversing the trial court's decision, this court wrote:

> In either situation, the partial release of the employer or the partial release of the employee, ... the statute serves to preserve claims in cases of vicarious liability against tort-feasors not included in the partial release.

*Id.* at 313–14.

 *Manar* is controlling in the instant case. The release of an employee does not act to release the employer, even if the employer's liability is vicarious. *Id., see also, Elsie v. Firemaster Apparatus*, 759 S.W.2d 305 (Mo.App.1988); *Hawes v. O.K. Vacuum and Janitor Supply*, 762 S.W.2d 865 (Mo.App.1989); *Freeman v. Myers*, 774 S.W.2d 892 (Mo.App.1989).

The order granting summary judgment is reversed and the cause is remanded.