Luther W. RUDISILL, Jr., Mary Rudisill, Appellants,

v.

Jeffrey LEWIS, Respondent.

No. WD 42519.

Missouri Court of Appeals, Western District.

Sept. 25, 1990.

John L. White, Kansas City, for appellants.

Gene C. Morris, Kansas City, for respondent.

Before KENNEDY, P.J., and TURNAGE and GAITAN, JJ.

GAITAN, Judge.

Plaintiffs-appellants, Luther W. and Mary Rudisill sought damages from defendants, Logston and Lewis. Prior to trial, the appellants executed a release as a result of negotiations with Logston. Respondent, Lewis, asserts this release also released him and moved for a summary judgment. The trial court granted summary judgment. We affirm.

On October 13, 1987, an accident occurred at the intersection of Barry Road and North Oak Trafficway in Kansas City, Missouri. As a result of this collision, plaintiffs Luther Rudisill and his wife, Mary Rudisill, filed suit against the defendants, Thomas Logston and Jeffrey Lewis. Logston and Lewis had no relationship with each other and were operating separate automobiles at the time of the accident.

Subsequent to the filing of plaintiffs' petition, each plaintiff executed a release agreement with defendant Logston and his insurance carrier. In addition to releasing Logston and American Standard Insurance Company, the terms of the agreement purported to release "all other persons and organizations who are or might be liable, from all claims for all damages" sustained as a result of the accident. Further, the releases stated that plaintiffs "intend and agree that this release applies to all my claims arising from said accident, present and future...."

Before trial, each plaintiff executed a document entitled "Corrected Release" which materially altered the terms of the original releases. These "corrected" releases sought to reserve "all rights and

causes of action ... against any other person ... excepting only the persons herein released, ... all as provided to him under Section 537.060 RSMo."

At trial, defendant Lewis moved for summary judgment claiming that the original release agreements were general in nature and served to fully satisfy all claims thus releasing all actual or potential tortfeasors from liability for damages resulting from the accident. The trial court granted defendant's motion for summary judgment and dismissed plaintiffs' cause of action with prejudice. It is from the grant of summary judgment that the plaintiffs appeal.

■■ In reviewing the grant of summary judgment, the court will examine the record and the pleadings in the light most favorable to the non-moving party, giving them every benefit of the doubt. *Lambing v. Southland Corp.*, 739 S.W.2d 717 (Mo. banc 1987). Summary judgment is only proper when the "pleading, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 74.04(c). "Unassailable proof is no longer required." *Collins v. Westlake Hardware Co. of Macon, Inc.*, 783 S.W.2d 172, 172–73 (Mo.App.1990) (citing *Hayes v. Hatfield*, 758 S.W.2d 470, 472 (Mo.App.1988)). To survive summary judgment, however, the party asserting that a settlement is invalid has the burden of proof as to the invalidity of the agreement. *Sheppard v. Traveler's Protective Association of America*, 233 Mo.App. 602, 124 S.W.2d 528, 530 (1939). In this case, appellants are asserting that the release agreements were invalid as to the respondent. Therefore, appellants must show some issue of material fact that the original releases were not effective as to the respondent if they are to be successful in this appeal.

■ It is important to note initially that the "Corrected Release" executed by the appellants is of no consequence to this appeal. By failing to assert the validity of the "corrected" releases in their point relied on or their argument, the appellants have abandoned any claim that the "Corrected Release" has legal force or effect in its own right which can be asserted against the respondent. *See Black v. Cowan Const. Co.*, 738 S.W.2d 617, 619 (Mo.App. 1987) (in applying Rule 84.04(d) which mandates that the point relied on contain the action or ruling of the court sought to be reviewed, the Court stated that violations of Rule 84.04(d) can cause abandonment of an argument on appeal); *see also Cox v. Crider*, 721 S.W.2d 220, 225 (Mo.App.1986), (holding that a failure to argue a point of error on appeal or produce supportive authority or state that there is no supporting authority acts as abandonment). Further, the original release executed by the plaintiffs was an effective general release, *see Liberty v. J.A. Tobin Construction*, 512 S.W.2d 886, 890 (Mo.App.1974); *Clark v. Booth*, 660 S.W.2d 316, 317–18 (Mo.App. 1983), and thus makes subsequent "releases" nullities. *Liberty v. J.A. Tobin Construction Co., Inc.*, 512 S.W.2d at 891–92; *Swope v. General Motors Corp.*, 445 F.Supp. 1222, 1229 (W.D.Mo.1978). Finally, the "corrected" releases are inadmissible as evidence of the parties' intent in the original releases because the plain language of the original releases manifests their intent and cannot be modified or varied by parol or extrinsic evidence. *Ellis v. Reisenbichler*, 712 S.W.2d 468, 469 (Mo. App.1986). Thus, the "corrected" releases signed by the appellants are not a relevant factor in evaluating the trial court's grant of summary judgment.

■ The respondent sought, and was granted, summary judgment based on the original releases executed between the appellants and defendant Thomas Logston and American Standard Insurance Company. Both releases state:

FOR THE SOLE CONSIDERATION of Twenty five thousand and no/100 Dollars ($25,000.00) receipt of which I, acknowledge, I fully and forever release and discharge Thomas P. Logston and American Standard Insurance Company their heirs, administrators, executors, successors and assigns, and all other persons

and organizations who are or might be liable, from all claims for all damages which I sustained as the result of an accident which occurred on or about October 13, 1987, at or near the intersection of North Oak and Barry Road ... By executing this release, I intend and agree that this release applies to all of my claims arising from said accident, present and future, including, but not limited to, damage to or destruction of property; claims for known or unknown injuries, developments, consequences and permanency of those injuries; and there is no misunderstanding in this regard.

That this is a general release is clear. *See Ellis*, 712 S.W.2d at 469 (citing *Liberty v. J.A. Tobin Const. Co., Inc.*, 512 S.W.2d 886 (Mo.App.1974); *Clark v. Booth*, 660 S.W.2d 316 (Mo.App.1983)). The releases in *Ellis*, *Liberty*, and *Clark* purported to release all tortfeasors from all liability and claims for damages and in each case the release was characterized as general. *See Ellis*, 712 S.W.2d at 469; *Liberty*, 512 S.W.2d at 890–91; *Clark*, 660 S.W.2d at 317–18. The court in *Liberty* stated that the deciding factor in characterizing a release as general is "what is released not who is released by the document...." *Liberty*, 512 S.W.2d at 890. A general release "disposes of the whole subject matter or cause of action involved...." *Id.* Who the named parties in the release are is relevant, but not dispositive of whether a release is general or limited. *Id.* The original releases executed by the appellants state that the agreement discharges "all ... persons and organizations who are or might be liable from all claims for all damages" arising from the accident and covered "all my claims arising from said accident, present and future...." Both the rule stated in *Liberty* and a comparison between the releases found in *Ellis*, *Liberty*, and *Clark* and the releases executed by the appellants lead to the conclusion that the original releases were general in nature.

Mo.Rev.Stat. § 537.060 (1986) provides that a good faith release of one defendant, where two or more defendants are liable for the same injury in tort, "shall not discharge any of the other tortfeasors for the damage unless the terms of the agreement so provide." *Id.* The Missouri Supreme Court has interpreted the "clear effect of the statute [as] precluding an unintended release of a non-settling defendant." *Aherron v. St. John's Mercy Medical Center*, 713 S.W.2d 498, 501 (Mo. banc 1986). The main thrust of appellant's argument is that the original releases were silent as to the respondent and therefore under Mo.Rev.Stat. § 537.060 (1986), and its interpretive case law appellants' claim against the respondent is not extinguished. Appellants rely on *Elsie v. Firemaster Apparatus*, 759 S.W.2d 305, 307 (Mo.App. 1988). In holding that a release silent as to one tortfeasor did not release him under Mo.Rev.Stat. § 537.060 (1986), the court in *Elsie* stated the general rule that "[u]nder the 1986 law a specific reservation of claims, albeit prudent in many cases, is no longer necessary to preserve claims against the non-settling defendants." Thus, *Elsie* implies that silence will be sufficient under Mo.Rev.Stat. § 537.060 (1986) to preserve a cause of action against parties or potential parties who do not join in the settlement agreement. Appellants also rely on *Aherron v. St. John's Mercy Medical Center*, 713 S.W.2d 498 (Mo. banc 1986); *Manar v. Park Medical Center*, 753 S.W.2d 310 (Mo. App.1988); and *Arana v. Koerner*, 735 S.W.2d 729 (Mo.App.1987). Reliance on these four cases is misplaced. *Elsie* summarized the gravamen of *Aherron*, *Manar*, and *Arana* as being that "a specific reservation of claims ... is no longer necessary to preserve claims against the nonsettling defendants." *Elsie*, 759 S.W.2d at 307. While the interpretation of Mo.Rev.Stat. § 537.060 (1986) in *Elsie* is in no way challenged by this decision, neither is it helpful to the appellants. The releases in all four cases were not general and either expressly reserved claims against the non-settling defendant, *Aherron*, 713 S.W.2d at 500; *Manar*, 753 S.W.2d at 312; *Arana*, 735 S.W.2d at 732–33, 735, or indicated that application of the release was limited to "all parties and ships mentioned in this paper." *Elsie*, 759 S.W.2d at 307. The releases signed by the appellants, however,

contained no such limitation or express reservation of claims. Indeed, the express language of the original releases served to fully divest appellants of any further claims resulting from this accident. Mo. Rev.Stat. § 537.060 (1986), and its interpretation in *Elsie* are not violated by granting summary judgment against the appellants because the original releases expressly relieve all actual or potential tortfeasors from liability and are therefore not silent as to respondent. Mo.Rev.Stat. § 537.060 (1986) does not require the court to ignore a plain, clear divestiture of all claims in a general release. Neither Mo.Rev.Stat. § 537.060 (1986), or *Elsie* have precluded the possibility of an effective general release. In *Ellis v. Reisenbichler,* 712 S.W.2d 468, 469 (Mo.App.1986), the Eastern District Court of Appeals, the same court that issued *Elsie,* was faced with a claim that a general release[1] did not extinguish the claim against a tortfeasor who was not expressly mentioned in the release and paid no consideration. *Id.* The Court seized upon the language of § 537.060 which states that a release of one or more persons is ineffective as to any other tortfeasor "unless the terms of the agreement so provide." *Id.;* (citing Mo.Rev.Stat. § 537.060 (Supp.1984)). The Court held that "[t]he release before us does so provide (a general release to all tortfeasors) by its express terms." *Id.* (parenthetical added). Both the release agreements and the facts giving rise to the action in *Ellis* are essentially identical to those before this Court. Within the context of Mo.Rev.Stat. § 537.060 (Supp.1984) the court in *Ellis* found the terms of the agreement expressly provided a general release to all claims and affirmed summary judgment for the defendants on this ground.

We find *Ellis* persuasive and hold that the original releases executed by the appellants were general in nature and effectively relieved the respondents of liability from this accident.

The judgment of the trial court is affirmed.

All concur.

---

1. The release stated:
   ... I do hereby release and forever discharge Bill P. Reisenbichler and any other person, firm or corporation charged or chargeable with responsibility for liability ... from any and all claims, demands, damages, costs, expenses, loss of services, actions and causes of action, arising from any act or occurrence up the present time and particularly on account of all personal injury, disability, property damage, loss or damages of any kind already sustained or that I may hereafter sustain in consequence of an accident....
   *Ellis,* 712 S.W.2d at 469.