Jonathan D. PELTZMAN, Appellant,

v.

Chris E. BEACHNER, Respondent.

No. WD 49444.

Missouri Court of Appeals,
Western District.

June 27, 1995.

Raymond Peltzman, Kansas City, for appellant.

Steven C. Effertz, Schaffer, McIntosh & Effertz, Independence, for respondent.

Before ULRICH, P.J., and
LOWENSTEIN and ELLIS, JJ.

LOWENSTEIN, Judge.

Appellant Peltzman and Respondent Beachner were involved in a motor vehicle collision at the intersection of 75th and State Line (the border between Kansas City, Missouri and Johnson County Kansas) on May 4, 1987. On May 3, 1989, Peltzman initiated this action against Beachner for personal injuries and damages. Count I sought damages for personal injury for $2,500 plus $2,144 for damage to Peltzman's car. Count II prayed for $5,000 in punitive damages. Since Beachner was uninsured, Peltzman also joined Farmers Insurance Company, Inc., Peltzman's uninsured motorist carrier, as a co-defendant in the suit. Count III against Farmers was a contract action for uninsured motorist damages.

In April 1990, Peltzman entered into a settlement with Farmers and executed a release agreement titled, "Trust Agreement and Release in Full," with the words "Uninsured Motorist Coverage" appearing directly below the title in slightly smaller print. The release went on to set forth the amount of consideration, Five Hundred Dollars ($500), to "forever release and discharge Farmers Insurance Company, Inc." and specifies that the release is for "all rights, claims, demands and damages of any kind, resulting from personal injuries" as a result of the May 4th, 1987 accident and "being made under the Uninsured Motorist insuring agreement." In addition, above the signature appears the statement, "I UNDERSTAND THAT THIS IS ALL THE MONEY THAT WILL BE

RECEIVED UNDER THE UNINSURED MOTORIST PORTION OF POLICY NUMBER [*policy number*] FOR THE DAMAGES RESULTING FROM THIS ACCIDENT." No where in the agreement is there any mention of Beachner.

Upon receiving a copy of the release agreement, Beachner filed a Motion for Summary Judgment claiming the release executed by Peltzman amounted to a general release and would act as a bar to any further claim against Beachner. Peltzman ignored the motion for summary judgment and failed to file any response whatsoever. On April 1, 1994, after hearing arguments from counsel, the trial court entered judgment for Beachner. Peltzman now appeals the trial court's decision.

■ The first question on appeal is whether Peltzman's failure to respond to Beachner's Motion for Summary Judgment is dispositive of this appeal?

Review of Summary Judgment is governed by Rule 74.04, which provides in pertinent part:

> (c) ... [summary] judgment shall be entered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, review of a summary judgment is a two-step process. The first step is the determination that there is no genuine issue of material fact. The second step is that the judgment is correct as a matter of law. *Chase Resorts, Inc. v. Safety Mut. Cas. Corp.*, 869 S.W.2d 145, 148 (Mo.App.1993).

The motion for summary judgment was based solely on Beachner's submission of the motion and a copy of the release agreement. Peltzman failed to file any response to the motion. While Peltzman's failure to respond certainly is not condoned by this court, his failure does not require that summary judgment be granted against him. Rule 74.04 does provide that "an adverse party may not rest on mere allegations or denials of his pleading, but his response, by affidavits or as other wise provided by this Rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Peltzman's failure forces this court to accept as true, that there are no factual issues in dispute. *Mattes v. Black & Veatch*, 828 S.W.2d 903, 906 (Mo.App.1992). However, as stated in *Cure v. City of Jefferson, Mo.*, 380 S.W.2d 305, 310 (Mo.1964), "Rule 74.04 does not require the grant of summary judgment in a case where such judgment is not proper even though the facts be taken as in the moving party's affidavit. The court may deny the motion if for any reason summary judgment may be inappropriate, even though the opposite party has not submitted an affidavit." One reason summary judgment may have been inappropriate in this case is that the judgment was not correct as a matter of law.

■ The granting of summary judgment is purely a question of law. Therefore, appellate review of a grant of summary judgment is essentially de novo. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo.1993). In reviewing the grant, the court must review the record in the light most favorable to the non-moving party, giving that party the benefit of doubt. *Rudisill v. Lewis*, 796 S.W.2d 124, 125 (Mo.App.1990).

■ Since summary judgment must also be appropriate as a matter of law, this court must next look at whether the release executed by Peltzman to release Farmers also operated to release Beachner of any liability for the accident.

It appears from Beachner's motion for summary judgment and his brief submitted to this court, that he relies heavily on *Clark v. Booth*, 660 S.W.2d 316 (Mo.App.1983) and *Liberty v. J.A. Tobin Construction Co., Inc.*, 512 S.W.2d 886 (Mo.App.1974). *Clark* involved a passenger injured in an automobile accident who filed suit against the driver of the automobile she was riding after signing a general release that released the driver of the second automobile. The court found that the release had the effect of releasing all joint tort-feasors from all liability and dam-

ages and thus released the driver of the automobile she was a passenger. *Clark* relied on *Liberty* which also involved a general release that operated to release all joint tort-feasors. It should be noted that both *Clark* and *Liberty* rely on the assumption that the right to sue another joint tort-feasor can only be preserved by a "specific and clear limitation of the intended scope of the settlement." *Liberty* at 890. This was based on the old language of Section 537.060 RSMo (the amended, and applicable version of this statute is set out *infra*). However, *Clark* and *Liberty* simply do not apply to the case at bar, since both cases concerned the release of joint tort-feasors and Farmers and Beachner are not joint tort-feasors.

Farmers only duty to Peltzman arose out of Farmers Insurance contract to provide uninsured motorist coverage to Peltzman. Farmers played no part in the collision which caused the injuries and damages to Peltzman, therefore Farmer's payments to Peltzman were separate and distinct from obligations owed by the uninsured defendant (Beachner). While Farmers is only obligated to pay Peltzman to the policy limits, Beachner may be liable for the full measure of damages. *State ex rel. Manchester Ins. & Indem. Co. v. Moss,* 522 S.W.2d 772, 773 (Mo.1975). Since coverage is provided by Farmers by way of the insurance contract, it is clear that Peltzman's right to recover from Farmers is on contract and not tort. *Automobile Club Inter–Insurance Exchange by Club Exchange Corp. v. Farmers Ins. Co.,* 646 S.W.2d 838, 839 (Mo.App.1982); *Cobb v. State Security Ins. Co.,* 576 S.W.2d 726, 736 (Mo.1979).

In addition to relying on *Clark* and *Liberty,* Beachner relied on the current and applicable version of § 537.060, RSMo 1994 to support his motion. Section 537.060, titled "Contribution between tort-feasors—release of one or more, effect," concerns just what the title says. The pertinent portion says: "When an agreement by release ... is given in good faith to one of two or more persons liable in tort for the same injury ... such agreement *shall not discharge any other tort-feasor for the damage unless the terms of the agreement so provide....* " (emphasis added) Beachner makes two arguments using this section, one in his motion and the other in his brief submitted to this court.

First, in Beachner's motion, he claimed this court held in *Rudisill,* 796 S.W.2d 124 that a general release is still effective in releasing all parties from liability and claims for damages under § 537.060 RSMo. However, Beachner fails on this argument because Farmers and Beachner simply are not joint-tort-feasors and the court found that the release executed in *Rudisill* was not silent as to other tort-feasors, but rather provided for the release of "all ... persons and organizations who are or might be liable from all claims for all damages" arising from the accident involved in that case. The release executed by Peltzman was silent as to Beachner and does not propose to release anyone but Farmers for damages arising under a personal injury claim. Beachner cites in his own brief that a release silent as to one tort-feasor does not release that tort-feasor under 537.060 because a specific reservation of claims is no longer necessary to preserve claims against a non-settling defendant. *Elsie v. Firemaster Apparatus,* 759 S.W.2d 305 (Mo.App.1988).

Beachner's second argument is that since § 537.060 applies to joint tort-feasors, which he admits Beachner and Farmers are not, that Beachner would still be released because the statute does not include him. Beachner is arguing both sides of the fence to no avail. The bottom line is that like *Clark* and *Liberty,* this statute has nothing to do with the effect of the release on Beachner, since Farmers and Beachner are not joint tort-feasors.

Finally, even if the release did amount to a release of a joint tort-feasor under the current § 537.060, and would have the effect of releasing Beachner, it specifies that it is a release of all "rights, claims, demands and damages of any kind, resulting from personal injuries," so that it would only release Peltzman's claim for personal injuries and would not cover his claim in Count I for property damages.

Since Peltzman's claim against Beachner is in tort, not in contract, Peltzman has a right to proceed in this action and is not precluded

from doing so because of the release of its contract claim with Farmers.

Summary judgment was incorrect as a matter of law. This case is reversed and remanded.

All concur.