Tjaden **MEYER** and Kay Meyer, Plaintiffs,

v.

**GENERAL MOTORS CORPORATION,** Defendant.

No. 4:95CV980 TIA.

United States District Court, E.D. Missouri, Eastern Division.

Aug. 19, 1996.

Mark Belz, Belz & Jones, P.C., St. Louis, MO, for plaintiffs.

Peter B. Hoffman, Kortenhof & Ely, P.C., St. Louis, MO, Gregory W. Aleshire, Sherry A. Rozell, Turner, Reid, Duncan, Loomer & Patton, P.C., Springfield, MO, for defendant.

## *MEMORANDUM AND ORDER*

ADELMAN, United States Magistrate Judge.

This matter is before the Court on Defendant General Motors Corporation's Motion for Summary Judgment. The parties agreed to try their case before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

### *Background*

On June 10, 1990, a two-vehicle collision occurred at the intersection of Big Bend Boulevard and Shrewsbury Avenue in St. Louis County, Missouri. Plaintiff, Tjaden Meyer, was driving a 1988 Chevrolet Corsica, manufactured by Defendant, which collided with a car driven by Tracy Cannon. Tjaden Meyer was injured in the accident, and, as a result, plaintiffs filed a claim against State Farm Mutual Automobile Insurance Company. Plaintiffs settled the claim for Twenty–Five Thousand Dollars ($25,000.00) and signed a Release on January 15, 1991. The Release provided:

> **For the Sole Consideration of** Twenty Five Thousand and no/100 Dollars, the receipt and sufficiency whereof is hereby acknowledged, the undersigned hereby releases and forever discharges Tracy A. Cannon the heirs, executors, administrators, agents and assigns, and all other persons, firms or corporations liable or who might be claimed to be liable, none of whom admit any liability to the undersigned but all expressly deny any liability, from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown, both to person and property, which have resulted or may in the future develop from an accident which occurred on or about the 10th day of June, 1990 at or near Big Bend & Shrewsbury.

Undersigned hereby declares that the terms of this settlement have been com-

pletely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise adjustment and settlement of any and all claims, disputed or otherwise, on account of the injuries and damages above mentioned, and for the express purpose of precluding forever any further or additional claims arising out of the aforesaid accident.

The Release was signed by Tjaden and Kay Meyer and witnessed by their attorney, Mark Belz.

On June 2, 1995, plaintiffs filed a complaint against defendant, General Motors Corporation ("GMC"), alleging that during the accident on June 10, 1990, the seat belt failed to restrain plaintiff's body during the crash, thus allowing him to be forcibly thrown forward into parts of the vehicle and causing injuries. Therefore, plaintiffs claimed that GMC was negligent with respect to the manufacture, design, and installation of the seat belt, seat belt anchor, and centrifugal assembly. Plaintiffs additionally claimed that GMC breached both the express and implied warranties.

Defendant filed a Motion for Summary Judgment on February 20, 1996, asserting that the Release executed by Plaintiffs was a general release which released all potential tort-feasors, including GMC. Plaintiffs, on the other hand, aver that they did not intend to release GMC from any liability resulting from the accident.

*Standard for Ruling on Summary Judgment*

■ Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2551, 91 L.Ed.2d 265 (1986). The United States Supreme Court has noted that, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed to 'secure the just, speedy and inexpensive

determination of every action'." *Celotex*, 477 U.S. at 327, 106 S.Ct. at 2554 (1986) (quoting Fed.R.Civ.P. 1).

■ The initial burden of proof is placed on the moving party to establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir.1988). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

■ Once the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). In fact, the non-moving party must show there is sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for it. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510; *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553.

The Eighth Circuit has acknowledged that the "trilogy of recent Supreme Court opinions" demonstrates that the courts should be "more hospitable to summary judgments than in the past" and that a motion for summary judgment "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those cases that really do raise genuine issues of material fact." *City of Mount Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir.1988).

*Discussion*

■ This action is before the Court based upon diversity jurisdiction under 28 U.S.C. § 1332. Plaintiffs' complaint arises out of an

automobile accident which occurred in the State of Missouri. Further, the "Release" that forms the basis of Defendant's motion for summary judgment was executed by Plaintiffs in Missouri. Therefore, the Court will apply Missouri law to determine whether Plaintiffs' execution of the Release precludes Plaintiffs from asserting their current claim against Defendant, GMC. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

■ Defendant asserts that it is entitled to judgment as a matter of law because the Release signed by Plaintiffs is a general release which foreclosed any future claims by Plaintiffs arising out of the accident against anyone else, including GMC. In response, Plaintiffs argue that the terms of the release demonstrate that Plaintiffs had no intent to release any claims other than those against the driver of the second vehicle.

■ Mo.Rev.Stat. § 537.060 (1986) provides, in part, "[w]hen an agreement by release ... is given in good faith to one of two or more persons liable in tort for the same injury ... such agreement shall not discharge any of the other tort-feasors for the damage unless the terms of the agreement so provide...." The purpose of this statute is to preclude " 'an unintended release of a non-settling defendant.' " *Rudisill v. Lewis*, 796 S.W.2d 124, 127 (Mo.App.1990) (quoting *Aherron v. St. John's Mercy Medical Center*, 713 S.W.2d 498, 501 (Mo. banc 1986)). However, a general release is still possible, as the applicable statute does not compel a court to ignore the plain, clear, and unambiguous relinquishment of all claims in a general release. *Rudisill*, 796 S.W.2d at 128. The statute clearly states that a release is ineffective as to any other tort-feasor "unless the terms of the agreement so provide." Mo. Rev.Stat. § 537.060 (1986).

Defendant asserts that the terms of the agreement signed by Plaintiffs released all potential tort-feasors from liability. The relevant language of the Release discharges **"all other persons, firms or corporations liable or who might be claimed to be liable,** none of whom admit any liability to the undersigned but all expressly deny any liability, **from any and all claims, demands,**

**damages, actions, causes of action or suits of any kind or nature whatsoever...."** (Defendant's Exh. B) (emphasis added).

Despite the foregoing language, Plaintiffs dispute that the release is a general release. Specifically, Plaintiffs argue that the release does not apply to GMC, as the language of the release and the facts surrounding its execution demonstrate that Plaintiffs did not intend to release their claim against Defendant.

As previously stated, general releases of all tort-feasors are recognized in Missouri, if the terms of the agreement provide for such release. Several Missouri cases have addressed the issue now before this Court. In *Ellis v. Reisenbichler*, 712 S.W.2d 468 (Mo. App.1986), the Missouri Court of Appeals found that the language releasing "any other person, firm or corporation charged or chargeable with responsibility for liability ... from any and all claims ..." was a general release, discharging defendant from any liability. *Id.* at 469. Similarly, the Court of Appeals in *Rudisill v. Lewis*, 796 S.W.2d 124 (Mo.App.1990) upheld the lower court's grant of summary judgment in favor of defendant on the basis that the general release executed by the plaintiff relieved all actual or potential tort-feasors from liability. *Id.* at 128. The *Rudisill* Court found that language purporting to release all tort-feasors from all liability and claims for damages was a general release, disposing of the whole cause of action. "Who the named parties in the release are is relevant, but not dispositive of whether a release is general or limited." *Id.* at 127 (citations omitted).

The language contained in the Release that is the subject of Defendant's summary judgment motion is similar to those Missouri cases finding that the release was general and thus precluded any claims against other tort-feasors. The Release discharges "all other persons, firms or corporations liable or who might be claimed to be liable ... from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever ..." Further, the Release is a "full and final compromise, adjustment and settlement of any and all claims

disputed or otherwise, on account of the injuries and damages above mentioned, and for the express purpose of precluding forever any further or additional claims arising out of the aforesaid accident."

However, Plaintiff asserts that the language, ". . . none of whom admit any liability to the undersigned but all expressly deny any liability ..." limits the release to the parties expressly denying liability on in January, 1991, Tracy Cannon, the named party in the release, and her insurer. The clause relied upon by Plaintiffs does not specifically name any party, including the insurer, nor is it date restrictive. The Court declines to render such a narrow interpretation of this clause. If the Court adopted Plaintiff's position, then the rest of the release would be superfluous. *See e.g., Slankard v. Thomas*, 912 S.W.2d 619, 625 (Mo.App.1995) (declining to find that the mere mention of one party constituted specific language to change the other unambiguous, express language of the release and limit its scope).

The United States District Court for the Eastern District of Missouri was faced with a similar release and factual situation and found the release to be general, thus discharging the defendant from liability. *Bryant v. General Motors Corp.*, No. 4:94CV1973, 1995 WL 902195 (E.D.Mo. June 26, 1995). The "Release of All Claims" provided:

> [Plaintiff does hereby] release, acquit, and forever discharge Deborah Kremer & the Missouri Property & Casualty Insurance Guaranty Association and his, her, their, or its agents, servants, successors, heirs, executors, administrators, and **all other persons, firms, corporations, associations or partnerships of and from any and all claims, actions, causes of action, demands, rights, damages, costs, loss of service, expenses and compensation whatsoever,** which the undersigned now has/have or which may hereafter accrue on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen bodily and personal injuries and property damage and the consequences thereof resulting or to result from the accident, casualty or event which occurred on or about the 6th day of Septem-

ber, 1989, at or near Broadway & McCarthy, Jefferson City, Missouri.

*Id.* at 4 (emphasis added). The release also contained a clause stating "that the payment made is not to be construed as an admission of liability on the part of the party or parties hereby released, and that said releasees deny liability therefor and intend merely to avoid litigation and buy their peace." (Defendant GMC's Exh. E). Judge Jean C. Hamilton found that "both the title of and the language in the 'Release of all Claims' executed by Plaintiff in the instant case indicate that a general release was intended." *Id.* at 5. Further, Judge Hamilton noted that the specific reference to Deborah Kremer and her insurance company did not limit the release to those two parties, as they are only specifically referred to in the first sentence of the document, and there was no other limiting language in the release. *Id.* at 6. Therefore, the Court granted summary judgment in favor of Defendant.

Plaintiff argues that because Judge Hamilton did not specifically address the disclaimer language, the *Bryant* opinion has no precedential value. However, Judge Hamilton specifically found that there was no other language in the document which limited the release. As such, the Order granting summary judgment in favor of GMC is based upon the language contained in the entire "Release of all Claims."

The undersigned finds the *Bryant* opinion to be controlling in the instant case. As previously stated, who the named parties in the release are is not dispositive of whether a release is general or limited. Instead, the key factor is what is released. A general release disposes of the whole subject matter. *Rudisill*, 796 S.W.2d at 127 (citations omitted). As in *Bryant*, there is no limiting language contained in the release. The Release only mentions Tracy Cannon specifically once at the beginning of the document. This is insufficient to limit the scope of the Release. *Bryant*, at 6; *but see Moore v. Bentrup*, 840 S.W.2d 295 (Mo.App.1992) (finding that the language in release indicating that plaintiff understood it was all the money she would receive "from the above

described parties" was sufficiently specific and appeared to limit the parties released).

Plaintiffs have not come forth with any evidence demonstrating that Plaintiffs or their attorney specifically limited the release with additional language, nor have they demonstrated that the language in and of itself is limiting. Therefore, the undersigned agrees with Defendant and Missouri law on this issue and finds the release to be general, thereby releasing Defendant from any and all liability.

Plaintiffs additionally argue that the release is ambiguous, and therefore, the Court should consider parole evidence of Plaintiff's "intent" to assist in construing the release. Specifically, Plaintiffs assert that the ambiguity arises from the disclaimer of liability language previously discussed. Plaintiff, Tjaden Meyer, has submitted an affidavit stating that at the time he signed the release, he knew the seat belt did not operate properly, but he did not contemplate bringing suit until he received a Recall Notice from defendant. He further states that he did not intend to release GMC from liability, and that on the date the release was signed, GMC did not expressly deny any liability as required by the release. Additionally, Plaintiff asserts that he settled for less than the claim was worth.

■ As previously stated, the language upon which Plaintiff relies does not warrant such a narrow interpretation. The clause fails to specify any particular party. Additionally, it is reasonable to assume that on the date of the release, GMC and any other potential tort-feasors did deny liability. "In construing a release, as with any contract, the intention of the parties governs and any question concerning the scope and extent of the release is to be determined by what may fairly be said to be in the parties' contemplation, which in turn is resolved in the light of all the surrounding facts and circumstances under which the parties acted." *Slankard v. Thomas,* 912 S.W.2d 619, 624 (Mo.App.1995) (citations omitted). However, the intent of the parties is governed by the language in the release, and if the language is plain, it forecloses speculation about intent of the parties. *Id.* (citations omitted).

In the instant case, the document is not ambiguous, and parole evidence of Plaintiff's intent cannot be considered to construe the Release. Additionally, if the undersigned did consider Plaintiff's affidavit, it would serve to buttress the Court's finding that the document is indeed a general release. Plaintiff admitted that he knew the seat belt did not operate properly at the time he signed the release. However, the fact that he could have inserted limiting language which would have preserved his claim against GMC and did not, demonstrates that under the plain language of the release, plaintiff intended to release all potential tort-feasors from any and all liability. *See Slankard v. Thomas,* 912 S.W.2d 619, 625–27 (Mo.App.1995) (finding that the release in question contained no language which could be said to indicate an intent to pursue other parties and was therefore unambiguous, rendering summary judgment in favor of defendant appropriate); *but see Allison v. Flexway Trucking, Inc.,* 28 F.3d 64 (8th Cir.1994) (finding release ambiguous where attorney inserted language limiting release to that particular case number); *Hawes v. O.K. Vacuum & Janitor Supply Co.,* 762 S.W.2d 865 (Mo.App.1989) (stating that language of plaintiff agreeing to hold money in trust created an ambiguity and demonstrated an understanding that plaintiff intended to pursue other tort-feasors).

■ In addition, Plaintiffs' assertion that they accepted less money than the claim was worth is immaterial. Plaintiffs rely on *Greenstreet v. Rupert,* 795 S.W.2d 539, 540–41 (Mo.App.1990), for the proposition that a party may prove the invalidity of a settlement by proving intent to settle for less than full value. However, Plaintiffs' reliance on this case is misplaced. In that case, the settling tort-feasor was seeking contribution against a second tort-feasor. The issue of whether the release was a general release, thus precluding plaintiff from filing claims against other potential tort-feasors was not before the court. In fact, the *Greenstreet* Court noted that if the original plaintiff had any intent of pursuing the second tort-feasor, she would have insisted on a partial release to retain the option of pursuing that tort-feasor. *Id.* at 540. Thus, the undersigned

declines to further address Plaintiffs' argument that they did not intend to release GMC because they settled for a lower amount. The Release clearly states that Plaintiffs understood the settlement to be a full and final compromise of any claims.

In the Release now before this Court, there is no ambiguity on the face of the document which would warrant the consideration of parole evidence. The Release demonstrates Plaintiffs' intent to release all potential tort-feasors from any and all claims. Thus, the Court need not consider Plaintiffs' assertion that they did not intend to release GMC from liability. Plaintiffs have not set forth specific facts showing that there is a genuine dispute regarding whether the Release executed by Plaintiffs was a general release. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Therefore, the undersigned finds that summary judgment should be granted in favor of Defendant, GMC.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (# 17) is **GRANTED.**