**CLAYTON PLAZA INTERNATIONAL LEASING COMPANY, INC., et al., Plaintiffs–Appellants,**

v.

**Leroy SOMMER, Defendant–Respondent.**

No. 59578.

Missouri Court of Appeals, Eastern District, Division One.

Nov. 5, 1991.

David L. Baylard, Robert Garza, Union, for plaintiffs-appellants.

Henry D. Menghini, Adrian Philipp Sulser, St. Louis, for defendant-respondent.

GARY M. GAERTNER, Judge.

Appellants, Clayton Plaza International Leasing Company, Inc., Edward Willmering and Dorothy Willmering, appeal an order of the Circuit Court of St. Louis County sustaining respondent's, Leroy Sommer's, motion for summary judgment. We reverse and remand.

On March 2, 1983, the appellants entered into an agreement to buy all of the outstanding common stock of Vulcan Manufacturing Company (Vulcan), from George Hilleman, Vulcan's sole shareholder. As part of their payment for the shares, the appellants executed and delivered a $250,-000.00 "promissory note and collateral agreement." Appellants subsequently defaulted on the note and Mr. Hilleman brought suit for breach of contract and for specific performance.

On September 9, 1983, appellants filed a counterclaim against Mr. Hilleman alleging that certain misrepresentations had been made to the appellants in connection with the sale of the Vulcan stock. Among those misrepresentations claimed were several involving false figures contained in Vulcan's financial statements. In their counterclaim, appellants sought damages for breach of warranty and sought recision of the agreement to buy stock.

On April 15, 1987, Mr. Hilleman and the appellants entered into a "full and complete mutual release and settlement agreement." Under the terms of the agreement, Mr. Hilleman was to receive payment of $137,-500.00 for the Vulcan stock and, in return, was to deliver the original note to appellants, showing on its face to have been paid in full, canceled and released.

Paragraphs 1, 2 and 3 of the release state that Mr. Hilleman released appellants and Vulcan from any claim he had regard-

ing the payment to buy stock. Paragraphs 4 and 5 of the release state:

Based on the foregoing premises and releases and promises contained herein, Clayton Plaza International Leasing Co., Edward W. Willmering and Dorothy Willmering have remised, released and forever discharged and by these presents, do hereby remise, release and forever discharge George L. Hilleman, his heirs, successors and assigns from any and all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bills, bonds, covenants, contracts, controversies, agreements, promises, damages, judgments, claims and demands whatsoever, in law or in equity, which they now have or which they or their heirs, successors and assigns can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever, from the beginning of the world to the date of these presents, whether or not heretofore discovered or disclosed including, but not limited to all claims relating to the aforementioned "Agreement to Buy Stock" and "Promissory Note and Collateral Agreement" and any and all claims relating thereto and which have been asserted or which might have been asserted in any of the aforesaid litigation now pending in the St. Louis County Circuit Court.

5. This Agreement is binding upon and shall inure to the benefit of the heirs, successors and assigns of the parties hereto and to the officers, directors, employees, agents and representatives of the corporate entities released hereunder.

Pursuant to the release, the parties dismissed with prejudice their respective claims and counterclaims in the St. Louis County Circuit Court.

On July 2, 1987, appellants filed a petition in the circuit court alleging that respondent had been employed as a certified public accountant by Vulcan, that he had prepared the financial statements relied on by the appellants in their purchase of Vulcan stock and that the financial statements had not accurately depicted the financial conditions of Vulcan. Appellants further alleged that the inaccuracies contained in the financial statements were due to respondent's negligence. We note that the inaccuracies alleged to be contained in the financial statements in the instant case were identical to those alleged in the appellants' suit against Mr. Hilleman.

On August 7, 1990, respondent filed a motion for summary judgment contending that the release executed by the appellants was a general release and that the respondent, thus, had no liability to appellants. On December 18, 1990, this motion was heard and, on that same date, the circuit court granted summary judgment finding that the respondent "was an agent of George Hilleman and thus released under the full and complete mutual release and settlement agreement." This appeal followed.

In their sole point on appeal, appellants contend that the trial court erred in finding that the respondent was released by the settlement agreement entered between Mr. Hilleman and appellants. We agree.

RSMo § 537.060 (1986) provides:

**Contribution between tort-feasors—release of one or more, effect**

Defendants in a judgment founded on an action for the redress of a private wrong shall be subject to contribution, and all other consequences of such judgment, in the same manner and to the same extent as defendants in a judgment in an action founded on contract. When an agreement by release, covenant not to sue or not to enforce a judgment is given in good faith to one of two or more persons liable in tort for the same injury or wrongful death, such agreement shall not discharge any of the other tort-feasors for the damage unless the terms of the agreement so provide; however such agreement shall reduce the claim by the stipulated amount of the agreement, or in the amount of consideration paid, whichever is greater. The agreement shall discharge the tort-feasor to whom it is given from all liability for contribution or noncontractual indemnity to any other

tort-feasor. The term **"noncontractual indemnity"** as used in this section refers to indemnity between joint tort-feasors culpably negligent, having no legal relationship to each other and does not include indemnity which comes about by reason of contract, or by reason of vicarious liability.

In *Aherron v. St. John's Mercy Medical Center*, 713 S.W.2d 498 (Mo. banc 1986), the Missouri Supreme Court held that RSMo § 537.060 operates to preclude the unintended release of persons liable in tort. *See Manar v. Park Lane Medical Center*, 753 S.W.2d 310, 313 (Mo.App., W.D.1988). This includes the situation where a master-servant relationship existed between joint tort-feasors and the master is released from liability. *Id.* "An employee and a vicariously liable employer are 'persons liable in tort for the same injury or wrongful death,' and therefore subject to the statutory provisions controlling partial settlement and release." *Aherron*, 713 S.W.2d at 501. Clearly, even if the respondent was an agent of Mr. Hilleman, an issue disputed by appellants, RSMo § 537.-060 would act to preserve appellants' claims against the respondent unless the respondent was released by the terms of the agreement.

Respondent contends that the above cases are distinguishable and do not apply because in those cases the plaintiff "expressly reserved claims against the non-settling defendant." We disagree. The terms of RSMo § 537.060 are very clear. "Under [§ 537.060] a specific reservation of claims, albeit prudent in many cases, is no longer necessary to preserve claims against the non-settling defendants." *Elsie v. Firemaster Apparatus*, 759 S.W.2d 305, 307 (Mo.App., E.D.1988). An express reservation of claims not being necessary, the release in the present case did not act to release the respondent unless respondent was released by the terms of the agreement.

We note that the release in this case does not discharge Mr. Hilleman's agents or employees by its terms. Instead, the release is limited to "George L. Hilleman,

his heirs, successors and assigns." As respondent was not released by the terms of the release agreement, the appellants' claims against the respondent were preserved by RSMo § 537.060 (1986).

Respondents next contend that the release entered into between appellants and Mr. Hilleman was a general release. A general release "disposes of the whole subject matter or cause of action involved." *Liberty v. J.A. Tobin Constr. Co., Inc.*, 512 S.W.2d 886, 890 (Mo.App., K.C.D.1974). Language typically seen in such agreements release not only the other party to the release, but also "all other persons, firms or corporations...." *Liberty*, 512 S.W.2d at 890; or "all my claims of every nature and kind whatsoever arising out of the accident," *Clark v. Booth*, 660 S.W.2d 316, 318 (Mo.App., W.D.1983); or finally "any other person, firm or corporation charged or chargeable with responsibility for liability ... from any and all claims." *Ellis v. Reisenbichler*, 712 S.W.2d 468, 469 (Mo.App., E.D.1986). The inclusion of such language makes clear the intent of the signees to release all claims involved in the lawsuit. We note, however, that such language is conspicuous by its absence in the release in the present case. The release presented in this case is clearly not a general release.

Respondents also contend that res judicata applies in the present case. Respondent acknowledges that res judicata requires "identity of the person and parties to the action," *Barkley v. Carter County State Bank*, 791 S.W.2d 906, 910 (Mo.App., S.D.1990), but contends that a judgment on the merits in favor of a principal bars further action against the agent. *See Berwald v. Ratliff*, 782 S.W.2d 709, 711 (Mo. App., W.D.1989). We note, however, that to apply this standard with regard to release agreements would have the effect of stripping RSMo § 537.060 (1986) of much of its purpose of preserving claims where partial releases are made. We, thus, believe that this is something better left to the exclusive purview of the legislature.

Respondent's final contention is that the appellants have been fully compensated for

any damages they may have suffered by the misrepresentations. We note that this argument was not presented to the circuit court and there is, consequently, an insufficient record for this court to determine the validity of such a claim. We also note that, if indeed the appellants have been fully compensated by the terms of the release agreement, the terms of RSMo § 537.060 will act to protect the respondent from incurring any liability.

Reversed and remanded.

REINHARD, P.J., and CRANE, J., concur.