Andrew PENROD, Plaintiff–Appellant

v.

BRANSON R–IV PUBLIC SCHOOL
DISTRICT, Defendant–
Respondent.

No. 20300.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 21, 1996.

Michael L. Lyons, Branson, for plaintiff-appellant.

Monte P. Clithero, Kevin M. FitzGerald, Taylor, Stafford, Woody, Clithero & FitzGerald, Springfield, for defendant-respondent.

PARRISH, Judge.

Andrew Penrod (plaintiff) appeals a summary judgment in favor of Branson R–IV Public School District (the district) in an action in which plaintiff sought recovery for personal injuries he sustained in an automobile accident. The trial court found that a general release plaintiff executed released his claim against the district. This court affirms.

Plaintiff was a student at Branson High School, a school operated by the district. On March 16, 1991, plaintiff and other students accompanied Mark McSpadden, a teacher employed by the district, to a school event at Monett, Missouri. They travelled in McSpadden's automobile.

An accident occurred in Barry County, within the Monett city limits, as McSpadden and the students were returning from the school activity. Plaintiff was injured as a result of McSpadden's negligence. At the time of the accident, McSpadden was an employee of the district, acting within the scope of his employment.

This action was originally filed against only one defendant, Mark McSpadden. Later, upon settling his claim against McSpadden, plaintiff filed an amended pleading adding

the district as a defendant. The case was dismissed as to McSpadden.

The district, in its answer to plaintiff's amended petition, pleaded the affirmative defense of release. It alleged, "[P]laintiff ... executed a release ... which is a general release and therefore releases any claims which plaintiff may have against this defendant." The district's answer further pleaded, "[P]laintiff has previously settled his claims as to defendant's alleged agent, servant or representative Mark McSpadden, and ... the only liability claimed for defendant herein is under the doctrine of respondeat superior and the settlement with Mr. McSpadden constitutes a settlement as to his principal and a bar to this action."

The release plaintiff executed states that he, in consideration of the sum of $48,897.61, receipt of which was acknowledged, fully and forever released and discharged "Mark McSpadden and Jeanette McSpadden[,] their heirs, administrators, executors, successors and assigns, and all other persons and organizations who are or might be liable, from all claims for all damages" he sustained as a result of the accident in question.

Plaintiff's release states that " 'claims' includes demands, action and rights of action and also includes all claims which I now or hereafter may have arising out of, in consequence of, or on account of said accident." It provides that " 'damages' includes damages for personal injury; bodily injury; sickness; disease; death resulting from such injury, sickness or disease; injury to or destruction of property; damages for care and loss of services arising from such injury, sickness, or disease; damages for loss of use of property because of its injury or destruction; and all other damages of whatever kind or nature."

The district filed a motion for summary judgment alleging that plaintiff negotiated a settlement with McSpadden's insurance carrier that settled all claims of damages plaintiff sustained as a result of the accident in question; that plaintiff "executed a Release

in favor of Mr. and Mrs. McSpadden, as well as any and all other persons and organizations who are or might be liable for all claims for all damages [plaintiff] sustained as a result of said motor vehicle accident."

The trial court found that there was no genuine issue as to any material fact remaining with respect to the execution, authenticity, and effect of the general release signed by plaintiff. It granted the motion for summary judgment holding that the terms of the release discharged the district from all claims for damages plaintiff sustained as a result of the accident of March 16, 1991.

■ Plaintiff's first allegation of error contends the trial court erred in granting summary judgment because plaintiff received no consideration from the district. Consideration is a benefit a party making a promise receives in return for the promise, or a loss or detriment incurred by the party to whom a promise is made. *MFA Inc. v. Dettler,* 817 S.W.2d 658, 664 (Mo.App.1991).

■ Plaintiff received payment of the agreed sum from McSpadden's insurance carrier in return for the promises set forth in the release. The payment was the benefit realized in return for the promises. It was sufficient consideration for the contract. The fact that the payment was made by McSpadden's insurance carrier and not by the district is of no consequence. "Generally, if consideration is sufficient for a contract in other respects, it does not matter from whom or to whom it moves." *Andes v. Albano,* 853 S.W.2d 936, 942 (Mo. banc 1993). Point I is denied.

The second allegation of error is based on § 537.060.[1] Plaintiff contends the trial court erred in granting summary judgment because that statute provides that a release given in good faith to one of two or more persons liable for the same injury or wrongful death does not discharge any other tortfeasor.

Plaintiff, in making this claim of error, has failed to consider the remainder of the applicable provision of § 537.060, which states:

1. References to statutes are to RSMo1986.

When an agreement by release, covenant not to sue or not to enforce a judgment is given in good faith to one of two or more persons liable in tort for the same injury or wrongful death, such agreement shall not discharge any of the other tort-feasors for the damage *unless the terms of the agreement so provide;* .... [Emphasis added.]

A release that expressly relieves all actual or potential tort-feasors from liability, i.e., a general release, is not violative of § 537.060. The statute "does not require the court to ignore a plain, clear divestiture of all claims in a general release." *Rudisill v. Lewis,* 796 S.W.2d 124, 128 (Mo.App.1990).

■ Plaintiff asserts, both with respect to Point II and as Point III, that the release in this case was not a general release. Point II contends that § 537.060 was not violated because "the release was specific[,] not general." Point III makes the same claim.

Was the release plaintiff executed a general release?

A general release "disposes of the whole subject matter or cause of action involved." *Liberty v. J.A. Tobin Constr. Co., Inc.,* 512 S.W.2d 886, 890 (Mo.App., K.C.D.1974). Language typically seen in such agreements release not only the other party to the release, but also "all other persons, firms or corporations...." *Liberty,* 512 S.W.2d at 890; or "all my claims of every nature and kind whatsoever arising out of the accident," *Clark v. Booth,* 660 S.W.2d 316, 318 (Mo.App., W.D.1983); or finally "any other person, firm or corporation charged or chargeable with responsibility for liability ... from any and all claims." *Ellis v. Reisenbichler,* 712 S.W.2d 468, 469 (Mo.App., E.D.1986). The inclusion of such language makes clear the intent of the signees to release all claims involved in the lawsuit.

*Clayton Plaza International Leasing Co., Inc. v. Sommer,* 817 S.W.2d 933, 936 (Mo. App.1991).

The release plaintiff executed "fully and forever release[d] and discharge[d]" the

McSpaddens "and all other persons and organizations who are or might be liable, from all claims for all damages" arising from the accident in question. It was a general release. *Clayton Plaza, supra. See also Slankard v. Thomas,* 912 S.W.2d 619, 623–24 (Mo.App.1995); and *Ellis v. Reisenbichler,* 712 S.W.2d 468, 469 (Mo.App.1986). Points II and III are denied. The judgment is affirmed.

SHRUM, C.J., and PREWITT, P.J., concur.