**A. Marie YOUNG, Plaintiff,**

v.

**NISSAN MOTOR CORPORATION IN U.S.A., Defendant.**

No. 96–0215–CV–W–5.

United States District Court, W.D. Missouri, Western Division.

Feb. 5, 1997.

Larry Delano Coleman, Kansas City, MO, for plaintiff.

W. Russell Welsh, David L. Boman, Polsinelli, White, Vardeman & Shalton, Kansas City, MO, for defendant.

## ORDER GRANTING SUMMARY JUDGMENT

LAUGHREY, District Judge.

Pending before the Court is Nissan Motor Corporation's ("Nissan") Motion for Summary Judgment. Plaintiff A. Marie Young ("Young") has filed Suggestions in Opposition to which Nissan filed a Reply. In consideration of the aforementioned filings and exhibits attached thereto and for the reasons discussed below, the Court grants Summary Judgment in favor of Nissan.

### I.  Background

Plaintiff Young does not contest the material facts contained in Nissan's Motion. (Sugg.Opp. p. 1) The parties are therefore in agreement as to the following facts.

On September 20, 1993, Young was involved in an automobile accident with a car driven by Paul Knight ("Knight") at the intersection of 19th Street and Forest. (Sugg.Supp.¶ 1). Knight ran a stop sign and Young hit the side of Knight's car. (Sugg.Supp.¶ 2). Young settled her claims against Knight and executed a release. (Sugg.Supp.¶ 3, 4). Young then filed this lawsuit against Nissan alleging that her airbag deployed with excessive force.

### II.  Standard of Review

A motion for summary judgment should be granted if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Aetna Life Ins. Co. v. Great Nat'l Corp.*, 818 F.2d 19, 20 (8th Cir. 1987). The moving party bears the burden of showing that there is no genuine issue of fact for trial. *Anderson v. Liberty Lobby. Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). The party opposing a properly supported motion for summary judgment may not rest upon the allegations in the pleadings, "but must set forth specific facts showing there is a genuine issue for trial." *Id.* The nonmoving party must do more than "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). If the moving party has the burden of proof at trial, they must demonstrate that there is no genuine issue of material fact and that they would be entitled to a directed verdict if the case went to trial. *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511; *Firemen's Fund Ins. Co. v. Thien*, 8 F.3d 1307, 1310 (8th Cir.1993); *United States v. One 107.9 Acre Parcel of Land Located in Warren Township*, 898 F.2d 396, 398 (3d Cir.1990). When considering a motion for summary judgment, a court must scrutinize the evidence in the light most favorable to the nonmoving party and the nonmoving party "must be given the benefit of all reasonable inferences." *Mirax Chem. Prods., Corp. v. First Interstate Commercial Corp.*, 950 F.2d 566, 569 (8th Cir.1991).

### III.  Discussion

The central issue raised by the Defendant's Motion for Summary Judgment is whether the release executed by Young in her dispute with Knight will bar her claim against Nissan. As there are no genuine issues of material fact, the Court may decide this case as a matter of law.

■ Normally, Missouri law does not permit a release in favor of one joint tortfeasor to release all joint tort-feasors.

... When an agreement by release, covenant not to sue or not to enforce a judgment is given in good faith to one or more persons liable in tort for the same injury or wrongful death, such agreement shall not discharge any of the other tort-feasors for the damage unless the terms of the agreement so provide ...

Mo.Rev.Stat. § 537.060 (1986). A general release, however, which expressly relieves other potential tort-feasors from liability will be enforced and will discharge all tort-feasors liable for the same injury or wrongful death. *Penrod v. Branson R–IV Pub., School Distk,* 916 S.W.2d 866, 868 (Mo.App. 1996).

■ In analyzing a release, the court must view it as a contract, giving it meaning in accordance with the parties' intent. *Allison v. Flexway Trucking. Inc.,* 28 F.3d 64, 67 (8th Cir.1994). The parties' intent is governed by the language of the document. *Slankard v. Thomas,* 912 S.W.2d 619, 624 (Mo.App.1995). Where a contract is clear and unambiguous, the court interprets it as a matter of law. *Allison,* 28 F.3d at 67.

■ The release signed by Young reads:

... in consideration of the sum of five thousand dollars ($5,000.00), receipt whereof is hereby acknowledged, for myself and for my heirs, personal representatives and assigns, I do hereby release and *forever discharge Paul and Dorothy Knight and any other person, firm or corporation charged or chargeable with responsibility or liability, their heirs, representatives and assigns, from any and all claims,* demands, damages, costs, expenses, loss of services, actions and causes of action, arising from any act or occurrence up to the present time and particularity on account of all personal injury, disability, property damage, loss or damages of any kind already sustained or that I may hereafter sustain in *consequence of an accident that occurred on or about the 20th day of Sept. 1993, at or near 19th and Forest, KC Mo.....* I hereby agree that, as a further consideration and inducement for this compromise settlement, this settlement shall apply to all unknown and unanticipated injuries and damages resulting from said accident, casualty or event, as well as to those now disclosed ... (emphasis added).

The Court finds that the release is unambiguous.

■ A general release covers the entire cause of action or subject matter at issue. *Penrod,* 916 S.W.2d at 868 (citing *Liberty v. J.A. Tobin Constr. Co., Inc.,* 512 S.W.2d 886, 890 (Mo.App.1974)). Thus, in determining whether a release is general or specific, the main factor to analyze is *what* the document released rather than *who* was named in the document. *Rudisill v. Lewis,* 796 S.W.2d 124, 127 (Mo.App.1990); *Meyer v. General Motors Corp.,* 937 F.Supp. 861, 865 (E.D.Mo. 1996). Young released the Knights and any other persons from liability arising from the September 1993 accident at 19th and Forest for personal injury, disability, property damage, loss or damages of any kind. It is clear from this language that the parties intended this document to be a general release as they drafted it to cover all claims arising from the accident.

Defendant argues that because this document is a general release, it bars the present action. Plaintiff contends that Nissan did not sign the release and was not in privity to those who did sign it. Plaintiff cites *Manar v. Park Lane Med. Ctr.,* 753 S.W.2d 310 (Mo.App.1988) and *Elsie v. Firemaster Apparatus,* 759 S.W.2d 305 (Mo.App.1988) for the proposition that Young can maintain her claim because the release does not name Nissan and therefore she has reserved her claim under Section 537.060. Both cases are distinguishable from the present suit. In *Manar,* plaintiff executed a specific release which named her physicians but reserved claims against the hospital in her medical malpractice action. In *Elsie,* the parties also executed a specific release. Accordingly, the court held that plaintiff's claims were not barred under Mo.Rev.Stat. § 537.060. As discussed above, the identity of the parties named in a general release is not dispositive of who is relieved of liability under the release. *Meyer,* 937 F.Supp. at 865.

Plaintiff also asserts that Nissan did not pay consideration to Young for the benefit of the release. Missouri law provides that the source of consideration is irrelevant so long as the contract is sufficiently supported by consideration. *Penrod*, 916 S.W.2d at 867 (citing *Andes v. Albano*, 853 S.W.2d 936, 942 (Mo. banc 1993)). Here, Plaintiff received $5,000 in return for relieving the Knights and other potential tort-feasors from liability arising from the accident at issue. The Court finds that this release was supported by sufficient consideration.

The release at issue here is a general release. It relieves "other persons," thereby barring Young's action against Nissan. Missouri case law interpreting the application of Section 537.060 to general releases supports this conclusion. In *Slankard*, 912 S.W.2d 619, the injured passenger sued the driver of the vehicle in which she rode and the driver of the other vehicle. Plaintiff settled her claim with the driver of her car and executed a release of the driver and "all other persons, firms, and corporations whomsoever, from any and all claims, demands, obligations" ... "which she now has or might hereafter have as a direct result of the injuries sustained." *Id.* at 623. The court found that the release was general in that it relieved all potential tort-feasors from liability. Thus, the claims against the other driver were barred.

In *Rudisill*, 796 S.W.2d 124, plaintiffs sued two tort-feasors involved in an automobile accident. Plaintiffs settled with one tort-feasor and executed a release agreement which relieved one defendant and "all other persons" who might be liable for damages resulting from the accident. The appellate court upheld summary judgment in favor of the remaining tort-feasor on the basis that the release was general and therefore overcame the effect of Section 537.060.

In *Penrod*, 916 S.W.2d 866, plaintiff, an injured automobile passenger, sued the driver's employer, the school district. Penrod had executed a release with the driver/teacher. The release named the teacher, his spouse, and "all other persons and organizations who are or might be liable" as a result of the accident in question. *Id.* at 867. The court found that the release also discharged the school district and dismissed the claim accordingly.

In *Meyer*, 937 F.Supp. 861, plaintiff executed a release relieving the driver of another vehicle and discharging "all other persons." The court held that this was a general release which barred plaintiff's products liability action against General Motors.

Based on Missouri law, the Court finds that Plaintiff executed a general release and its terms clearly and unambiguously release not only Knight but any other person from liability arising out of the accident on September 20, 1993, at or near 19th and Forest, Kansas City, Missouri. Plaintiff's lawsuit against Nissan relates to this accident and the release is therefore a complete defense. Accordingly, it is hereby

ORDERED that Nissan's Motion for Summary Judgment (Doc. # 40) is GRANTED.