**BAKER–SMITH SHEET METAL, INC., Respondent,**

v.

**BUILDING ERECTION SERVICES COMPANY, Appellant.**

No. WD 58946.

Missouri Court of Appeals, Western District.

June 5, 2001.

Rehearing Denied July 24, 2001.

David R. Mitchell, Jeffrey R. Clark, Blue Springs, for respondent.

Anthony J. Romano, Mishca L. Waliczek, Kansas City, for appellant.

Before EDWIN H. SMITH, P.J., and SMART and HOWARD, JJ.

HOWARD, Judge.

Building Erection Services Company, Inc. ("BESCO") appeals from a judgment in favor of Baker–Smith Sheet Metal, Inc. ("Baker–Smith") and against BESCO. BESCO contends the trial court erred in denying its motion for judgment notwithstanding the verdict or, in the alternative, for new trial, because 1) it was entitled to judgment as a matter of law, in that Baker–Smith executed a general release waiving and releasing BESCO from the claims at issue in this case; 2) Baker–Smith failed to make a submissible case on its claim for quantum meruit, in that Baker–Smith per-formed no work outside the scope of the parties' contract, and its recovery is limit-ed to the contract price, for which BESCO paid Baker–Smith in full; and 3) Baker–Smith failed to make a submissible case on its claim on account, in that Baker–Smith sought to recover damages for insulated metal panels that were pre-existing consid-eration for the parties' contract, for which BESCO paid Baker–Smith in full.

We reverse.

### Facts

BESCO is a corporation engaged in the installation and erection of construction materials, including steel and precast con-crete, on construction projects. Baker–Smith, a corporation, furnished BESCO certain construction materials to be install-ed on a construction project, specifically, the FAA Control Tower at Kansas City International Airport ("the project").

On or about January 24, 1995, Baker–Smith and BESCO entered into a contract pursuant to which Baker–Smith agreed to furnish BESCO with insulated metal pan-els according to the plans and specifica-tions for the construction of the project. BESCO agreed to pay Baker–Smith $67,159 for the insulated metal panels. The insulated metal panels were to be installed by BESCO at the top of the FAA Tower.

Baker–Smith created shop drawings for the project. On June 10, 1995, John Scheerer, a BESCO employee, approved the shop drawings provided by Baker–Smith as correct for the project and cor-rect in dimensions.

In June 1995, Baker–Smith furnished BESCO the insulated metal panels accord-ing to the shop drawings. The panels, however, were too short. On July 17, 1995, Baker–Smith quoted a price of $10,555 for a second set of insulated metal

panels that were the needed length. On July 24, 1995, BESCO ordered from Baker–Smith the second set of insulated metal panels. The second set of insulated metal panels was delivered to the project on or before August 15, 1995.

BESCO paid Baker–Smith the full contract price of $67,159 for conforming insulated metal panels. On October 19, 1995, Baker–Smith's then vice-president, Gerald S. Schaefer, executed a written waiver and release. The waiver and release acknowledged that Baker–Smith had been paid in full by BESCO for all work, services, labor, equipment and materials furnished in connection with the construction of the project through the date of September 20, 1995. The waiver and release further waived and released any and all rights, demands, and claims for materials that Baker–Smith furnished to the project on or before September 20, 1995.

On April 30, 1999, Baker–Smith filed suit against BESCO in the Associate Circuit Court of Jackson County, Missouri, for quantum meruit and on account, seeking damages for the conforming insulated metal panels Baker–Smith furnished to BESCO on or before August 15, 1995. Upon BESCO's demand for jury trial, the lawsuit was transferred to the Circuit Court of Jackson County, Missouri.

Prior to trial, BESCO filed a motion for summary judgment, asserting that BESCO was entitled to judgment as a matter of law because the undisputed facts showed that Baker–Smith executed a waiver and release that waived its claims against BESCO that are at issue in the lawsuit. At the close of Baker–Smith's evidence, BESCO filed a motion for directed verdict based on its previously filed motion for summary judgment and also on the basis that Baker–Smith could not sustain its claims for quantum meruit and on account because the damages sought by

Baker–Smith were part of the original consideration of the parties' contract, which BESCO paid Baker–Smith in full. At the close of all evidence, BESCO renewed its motion for directed verdict.

On March 16, 2000, the jury rendered a verdict in favor of Baker–Smith, and on April 14, 2000, judgment was entered. The jury awarded Baker–Smith $10,555 plus nine percent interest from September 25, 1995, for the conforming insulated metal panels Baker–Smith furnished to BESCO on or before August 15, 1995.

On May 12, 2000, BESCO filed its motion for judgment notwithstanding the verdict or, in the alternative, for new trial. In its motion, BESCO asserted that 1) Baker–Smith executed a general release that waived and released its claims against BESCO that are at issue in this case; 2) Baker–Smith failed to make a submissible case on its claims for quantum meruit and on account against BESCO; and 3) the evidence presented at trial was insufficient to support a jury verdict in favor of Baker–Smith. The court denied BESCO's motion. This appeal follows.

## Standard of Review

■ In reviewing the trial court's denial of BESCO's motion for judgment notwithstanding the verdict, we must determine whether Baker–Smith made a submissible case. *Massman Const. Co. v. Missouri Highways and Transp. Comm'n,* 31 S.W.3d 109, 112 (Mo.App. W.D.2000). "In doing so, we review the evidence and all reasonable inferences in the light most favorable to the jury's verdict and disregard contrary evidence." *Id.* We will reverse the jury's verdict for insufficient evidence only where there is a complete absence of probative fact to support the jury's conclusion. *Giddens v. Kansas City Southern Ry. Co.,* 29 S.W.3d 813, 818 (Mo. banc 2000), *cert. de-*

*nied,* —— U.S. ——, 121 S.Ct. 1644, 149 L.Ed.2d 502 (2001). A motion for judgment notwithstanding the verdict should only be granted when there is no room for reasonable minds to differ as to the ultimate disposition of the case. *Balke v. Central Missouri Elec. Coop.,* 966 S.W.2d 15, 20 (Mo.App. W.D.1997).

## Point I

BESCO's first point on appeal is that the trial court erred in denying its motion for judgment notwithstanding the verdict or, in the alternative, for new trial, because it was entitled to judgment as a matter of law, in that Baker–Smith executed a general release waiving and releasing BESCO from the claims at issue in this case.

BESCO argues that Missouri law mandates that a plain and unambiguous general release disposes of the entire subject matter or causes of action involved. BESCO further argues that Baker–Smith executed a general release that waived and released all of its claims against BESCO for material it furnished to the project through September 20, 1995.

The release provides as follows:

Payment is acknowledged from Building Erection Services Co. Inc. in the sum of $1,344.00 ($67,159 cumulative to date), being payment for all work, services, labor, equipment and materials furnished in connection with the construction of Air Traffic Control Tower— KCI Airport, through the date of 9/20/95, the undersigned does hereby:

1. Acknowledge that it has been paid in full for all work, services, labor, equipment and materials supplied or furnished to the foregoing project through the above date;

2. Waive and release any and all rights, demands, and claims (including any right to a materialman's or mechanic's lien or any Miller Act claim) against

Building Erection Services Co. Inc., its surety, the project owner, the owner's property, and any construction lender; and

3. Certify that all of its subcontractors, material and equipment suppliers, and employees on the project have already been paid, or will be paid in full through the above date.

\* \* \* \* \* \*

The release is dated October 19, 1995, and signed by Gerald Schaefer, who was then the vice-president of Baker–Smith Sheet Metal, Inc.

In *Blackstock v. Kohn,* 994 S.W.2d 947, 954 (Mo. banc 1999), the Missouri Supreme Court stated as follows:

Executed releases are presumptively valid. *Andes v. Albano,* 853 S.W.2d 936, 940 (Mo. banc 1993). This presumption is founded on the policy of law that encourages freedom of contract and the peaceful settlement of disputes. *Id.* Language that is plain and unambiguous on its face will be given full effect within the context of the agreement. *Id.* at 941. A general release "disposes of the whole subject matter or cause of action involved." *Clayton Plaza Int'l Leasing Co., Inc. v. Sommer,* 817 S.W.2d 933, 936 (Mo.App.1991).

In *Andes v. Albano,* 853 S.W.2d 936, 941 (Mo. banc 1993), the court stated as follows:

Interpretation of a release or settlement agreement is governed by the same principles applicable to any other contractual agreement, and the primary rule of construction is that the intention of the parties shall govern. *State ex rel. Normandy Orthopedics, Inc. v. Crandall,* 581 S.W.2d 829, 833 (Mo. banc 1979); *Community Title Co. v. Safeco Ins. Co. of America,* 795 S.W.2d 453, 457 (Mo.App.1990). Any question regarding

the scope and extent of the release is to be resolved according to what may fairly be said to have been within the contemplation of the parties at the time the release was given. This, in turn, is to be resolved in light of all the surrounding facts and circumstances under which the parties acted. *Normandy Orthopedics,* 581 S.W.2d at 833; *Community Title,* 795 S.W.2d at 457.

In *Tuttle v. Muenks,* 21 S.W.3d 6, 9 (Mo. App. W.D.2000), this court stated as follows:

Where the language used in a release is plain and unambiguous, we will determine that intent based on the contract's language, and not based on parol or extrinsic evidence. In determining whether the language is ambiguous, however, we do not look at provisions in isolation, but rather look at the document as a whole. If language which appears plain considered alone conflicts with other language in the contract, or if giving effect to it would render other parts of the contract a nullity, then we will find the contract to be ambiguous. Where a contract is ambiguous, then a question of fact arises as to the intent of the parties as to its meaning.

(Citations omitted.)

 Whether a contract is ambiguous is a question of law to be decided by the court. *Alack v. Vic Tanny Int'l of Missouri, Inc.,* 923 S.W.2d 330, 337 (Mo. banc 1996). "An ambiguity arises when there is duplicity, indistinctness, or uncertainty in the meaning of the words used in the contract." *Id.,* quoting *Rodriguez v. General Accident Ins. Co. of Am.,* 808 S.W.2d 379, 382 (Mo. banc 1991). "An ambiguity in a contract arises only from the terms susceptible to fair and honest differences, not mere disagreements as to construction." *CB Commercial Real Estate Group, Inc. v. Equity P'ships Corp.,* 917

S.W.2d 641, 646 (Mo.App. W.D.1996). "We will not allow parol evidence to create an ambiguity in order to distort the clear language of the document." *JCBC, L.L.C. v. Rollstock, Inc.,* 22 S.W.3d 197, 204 (Mo. App. W.D.2000), quoting *Ironite Prods. Co. v. Samuels,* 985 S.W.2d 858, 862 (Mo.App. 1998).

 We find that the release in this case is unambiguous. It clearly states that Baker–Smith acknowledges that it has been paid in full for all work, services, labor, equipment and materials supplied or furnished to the Air Traffic Control Tower—KCI Airport, through September 20, 1995. All materials had been provided by Baker–Smith prior to this date. Although Baker–Smith argues that the release was merely an acknowledgement of the final progress payment of $1,344, that the release was limited to the "first contract" between the parties, and that the language "cumulative to date" indicates that it did not intend to release BESCO from its obligations on the "second contract," we find that none of these arguments may be considered, and any parol evidence pertaining to the intentions of the parties in executing the contract was improperly considered by the trial court, because the language in the release is plain and unambiguous on its face. The trial court erred in denying BESCO's motion for judgment notwithstanding the verdict. Point I is granted.

### Points II and III

BESCO's second and third points on appeal are that the trial court erred in denying its motion for judgment notwithstanding the verdict or, in the alternative, for new trial, because Baker–Smith failed to make a submissible case on its claim for quantum meruit and on its claim on account. We do not consider these points,

however, because the first point on appeal is dispositive.

The judgment of the trial court is reversed.

EDWIN H. SMITH, P.J., and SMART, J., concur.