Donald R. STEWART and Steven Stewart, Plaintiffs–Appellants,

v.

Kirk R. JONES, Janice M. Jones, Spokane Highlands Water Co., Inc., a Missouri corporation, and Spokane Highlands Development, Inc., a Missouri corporation, Defendants–Respondents.

No. 24152.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 13, 2001.

Stephen P. Seigel, Springfield, for Appellants.

James L. Bowles, Ozark, for Respondents.

JOHN E. PARRISH, Judge.

Donald R. Stewart and Steven Stewart (plaintiffs) brought a two-count action against Kirk R. Jones, Janice M. Jones, Spokane Highlands Water Co., Inc., and Spokane Highlands Development, Inc. (defendants). Count I is an action for breach of contract directed to two one-page writings attached to and made part of Count I by incorporation by reference. Count II is an action to set aside certain stock sales agreements, resignations of plaintiffs as officers and members of boards of directors of Spokane Highlands Water Co., Inc., and Spokane Highlands Development, Inc., and for an accounting of assets of the named corporations "that have been sold, assigned, mortgaged or transferred by defendants and for all corporate monies expended and debts incurred ... from and after October 20, 1994." Defendants Kirk R. Jones and Janice M. Jones filed a two-count counterclaim. It was subsequently dismissed and is not part of this appeal.

The trial court severed plaintiffs' Count II for separate trail. Following trial of Count II, the court ordered judgment entered for defendants. The trial court found the documents in question had been executed "with full knowledge of their meaning and effect, and that good and valuable consideration existed for the promises, agreements and obligations made by plaintiffs." It directed, "As to Count I of plaintiffs' Petition, the issues raised therein are to be submitted to a Master under Missouri Supreme Court Rule 68."

The master conducted an evidentiary hearing and filed his report declaring plaintiffs should take nothing on Count I.[1] The master's report was filed September 26, 2000. Plaintiffs filed objections to the report October 23, 2000. The trial court

---

1. A circuit court may appoint a master to report on particular issues in a case or to perform particular acts or receive and report evidence. Rule 68.01(a) and (e). A master is required to prepare a report on the matters submitted to him or her. Rule 68.01(g)(1). The rule requires that the report be filed with the clerk of the court, together with a transcript of the proceedings the master conducted. *Id.* The clerk is required to mail notice to all parties of the filing of the master's report. *Id.* "Any party within thirty days after being served with notice of the filing of the master's report may file written objections thereto and serve them upon the other parties." Rule 68.01(g)(2).

entered judgment March 7, 2001, without having conducted a hearing on plaintiffs' objections. The judgment includes the findings:

1. The Court finds that there was a two count [sic] Petition ... filed in this action and that the Court has heretofore entered judgment on Count II of the said Petition in favor of the Defendants and against the Plaintiffs and that said judgment stands now as a final judgment.

2. That the Court has heretofore ordered that Count I of the Petition be tried to a Special Master pursuant to Rule 68.01. The Court has now received the Report of the Special Master and has received objections to the said Report by the Defendants. The Court has also received a transcript of the proceedings before the Special Master. The Court finds that the Special Master has found that all Plaintiffs should take nothing by way of Count I of Plaintiff's Petition for Damages and that the costs of the proceedings be split equally between Plaintiffs and Defendants. The Court hereby adopts the Report of the Special Master.

3. Accordingly, it is hereby the judgment of this Court that the Plaintiffs take nothing by way of Count I of their Petition for Damages and that judgment is herewith entered in favor of the Defendants and against the Plaintiffs on Count I.

4. The Court orders the Master to submit a statement for his services to the Court and that, upon approval of same, the Plaintiffs are to pay one-half of the Master's fee and costs and the Defendants are to pay one-half of the Master's fee and costs.

The reference to the judgment previously entered on Count II is to a writing dated and filed February 7, 2000, that, after identifying the parties who appeared and their attorneys, declared:

As to Count II of plaintiffs' Petition, the Court finds that on October 20, 1994, plaintiffs and defendants entered into certain agreements and signed certain documents, copies of which were attached to plaintiffs [sic] Petition as Exhibits B, C and D and were also admitted into evidence herein. THe [sic] Court finds that said documents and agreements were executed at the law offices of David Appleby in Ozark, Missouri; that plaintiffs knowingly and voluntarily signed said documents and agreements with full knowledge of their meaning and effect, and that good and valuable consideration existed for the promises, agreements and obligations made by plaintiffs in said documents and agreements. The Court, therefore, finds that said documents and agreements are valid and should not be set aside.[2]

That finding was followed with language ordering judgment "rendered in favor of

---

2. "EXHIBIT 'B'" purports to be an agreement signed by Donald Stewart, Norma Stewart and Kirk Jones that declares their obligations and rights with respect to payment of certain loans and the sharing of profits from Spokane Highlands Subdivision Corp. It further provides for conveyance of certain lots in "Phase 1" of Spokane Highlands Subdivision to Kirk Jones. "EXHIBIT 'C'" purports to be a "STOCK SALE AGREEMENT" signed by Donald R. Stewart, Norma Stewart and Steve Stewart as sellers and Kirk R. Jones and Janice M. Jones as buyers for the sale of 100 shares of stock of Spokane Highlands Water Company, Inc. "EXHIBIT 'D'" purports to be a "STOCK SALE AGREEMENT" signed by Donald R. Stewart, Norma Stewart and Steve Stewart as sellers and Kirk R. Jones and Janice M. Jones as buyers for the sale of 16,250 shares of stock of Spokane Highlands Development, Inc.

defendants and against plaintiffs on Count II of the Petition with respect to plaintiffs' request that the documents referred to therein be set aside."

Plaintiffs appeal. Points I and II are directed to plaintiffs' breach of contract claim, Count I. Point III is directed to Count II, the action to set aside the documents identified in the petition. The part of the judgment directed to Count I is reversed and remanded with directions. The part of the judgment directed to Count II is affirmed.

This court first addresses Point II. Point II asserts the trial court erred in adopting the master's report and entering judgment on Count I without holding a hearing on plaintiffs' objections to the report. Rule 68.01(g)(3) directs:

> If no objections are filed, the court may adopt the report. *If objections are filed,* or the court proposes action other than adoption of the report, *the court, after hearing, may adopt the report* or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions.... [Emphasis added.]

Plaintiffs cite no Missouri case in which the consequence of a trial court's failure to conduct a hearing on objections filed to a master's report have been addressed. This court's independent research disclosed no such case. However, *Kieffer v. Sears, Roebuck & Co.,* 873 F.2d 954, 956 (6th Cir.1989), *In re Chicago, Milwaukee, St. Paul & Pacific R.R. Co.,* 739 F.2d 1169, 1172 (7th Cir.1984), and *In re Wonderbowl,* 424 F.2d 178, 180 (9th Cir.1970), discuss this issue with respect to a federal court

rule with requirements the same as Rule 68.01(g)(3).

Rule 53(e)(2), Federal Rules of Civil Procedure, imposes the same requirement with respect to conducting a hearing following filing of a master's report as does Missouri Rule 68.01(g)(3). Federal Rule 53(e)(2) requires parties to an action in which a master has filed a report to be given notice of the filing of the report. It permits any party "[w]ithin 10 days after being served with notice of the filing of the report" to "serve written objections thereto upon the other parties." The federal rule provides, as does Missouri Rule 68.01(g)(3), that the court in which the master's report is filed, "after hearing," may modify the report, reject it in whole or in part, receive further evidence, or recommit the report to the master with instructions.

Kieffer, *In re Chicago, Milwaukee, St. Paul & Pacific R.R. Co.* and *In re Wonderbowl* held it to be reversible error, by reason of the mandate of Federal Rule 53(e)(2), for a trial court to adopt a master's report to which objections were filed without a hearing. This court finds the holdings in *Kieffer, In re Chicago, Milwaukee, St. Paul & Pacific R.R. Co.* and *In re Wonderbowl* persuasive regarding plaintiffs' claim that the trial court in this case erred in not affording them a hearing on their objections to the master's report.[3] Point II is granted. The part of the judgment affirming Count I must be reversed and the case remanded with directions that the trial court conduct a hearing on plaintiffs' objections to the master's report and

---

**3.** Failure to follow other procedural requirements of Rule 68.01 has been held reversible error. *See R.J. v. S.L.J.,* 732 S.W.2d 574, 576–77 (Mo.App.1987). *R.J. v. S.L.J.* held it was reversible error for a trial court to adopt a master's report without a transcript of the

master's hearing as required by Rule 68.01(g)(1), and under circumstances in which the master failed to take the oath required by Rule 68.01(d) before hearing testimony.

for such further proceedings as may be required to determine Count I.[4]

Plaintiffs' Point I contends there was insufficient evidence to support the trial court ruling on Count I. The same claims plaintiffs assert in Point I are in its objections to the master's report. They are for the trial court's consideration upon remand. *See* n. 4, *supra.* Having granted Point II, Point I is moot.

Point III contends the trial court erred in entering judgment for defendants on Count II of plaintiffs' petition, their action to set aside certain instruments. It contends the judgment with respect to Count II was not supported by substantial evidence and was against the weight of the evidence "in that the court found that [plaintiffs] knowingly and voluntarily signed the stock sale agreement and other documents referred to herein with full knowledge of their meaning and effect, and also found that good and valuable consideration existed for the promises, agreements and obligations contained therein." Point III argues plaintiffs received no consideration for their execution of documents that were the subject of the parties' dispute.

■■■■ This was a court-tried case. As such, this court will sustain the judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Warren v. Tom,* 946 S.W.2d 754, 757 (Mo.App.1997). This court defers to the trial court on questions of credibility of witnesses and the choice between conflicting evidence. *Id.*

The agreements sought to be set aside provided that Kirk Jones would secure funds to develop Phase I of Spokane Highlands Subdivision; that the "investment and profits" in the subdivision would be split between Donald Stewart and Kirk Jones with 65% to Stewart and 35% to Jones. Eighteen lots in the subdivision were to be conveyed to Kirk Jones "to be done to obtain the construction loan from Ozark Bank in the amount of $85,000.00 to be used for chip & sealing of roads, drilling a well and installing necessary lines, equipment, and engineering for water system."

Kirk Jones testified about the business developments that led to the execution of the written agreements plaintiffs seek to set aside. He told the trial court:

> We talked, and he suggested that I go see my banker, because he said I seemed like I was in pretty good with them, and see if we could get a loan for the property to develop it, because the property was free and clear, of those 20 lots. I told him I would, and I directly then went straight to the bank. I talked to Jerry Bryant. I explained to them we had 20 lots, Donald was 65 percent owner, I would be 35, and we needed a loan of $85,000.00 to proceed. Well, Jerry just told me because of the Stewarts' problem with Empire Bank, which had been published in the paper, that the Ozark Bank at that time couldn't get involved and he simply could not loan me the money.

Kirk Jones advised Donald Stewart of the conversation he had with his banker. Mr. Stewart asked if Mr. Jones thought Ozark Bank would make the loan if Mr.

---

4. Point II asserts other allegations of trial court error with respect to its adoption of the master's report. The same claims of error are part of the objections to the master's report that the trial court is to consider on remand. Appellate courts do not consider contentions that have not been put before the trial court to decide. *Smith v. Associated Natural Gas Co.,* 7 S.W.3d 530, 534 (Mo.App. 1999).

Stewart were to "step aside." Mr. Jones asked his banker about that possibility. He was told if he were sole owner and if the required collateral existed, the bank would make the loan. The transfers that would permit Mr. Jones to obtain the loan were completed by means of the documents plaintiffs seek to set aside. Following those transactions, the bank loaned the $85,000 to Mr. Jones.

■ Consideration may consist of either a detriment to the promisee or a benefit to the promisor. *Wells v. Hartford Accident & Indemn. Co.*, 459 S.W.2d 253, 260 (Mo. banc 1970); *Penrod v. Branson R–IV Public School Dist.*, 916 S.W.2d 866, 867 (Mo.App.1996). Kirk Jones agreed to secure an $85,000 loan. He incurred personal liability for repayment of the loan. This was a detriment he assumed in exchange for plaintiffs transferring parcels of real estate and corporate stock to him. There was consideration for the agreements plaintiffs sought to set aside.

■ With respect to plaintiffs' voluntariness and understanding of the agreements, testimony by the parties and by the attorney who represented plaintiffs in the transactions supports the trial court's finding that plaintiffs knowingly and voluntarily executed the documents in question; that they voluntarily resigned their respective corporate offices in accordance with the agreement Donald Stewart negotiated with Kirk Jones. Point III is denied.

The part of the judgment directed to Count I of plaintiffs' petition is reversed. The part of the judgment directed to Count II is affirmed. The case is remanded for further proceedings on Count I. The trial court is directed to conduct a hearing on plaintiffs' objections to the master's report and to take such further action as may be required, in the exercise of sound judicial discretion, to determine Count I.

PREWITT and RAHMEYER, JJ., concur.